303 So.2d 598 (1974)
Walter P. WHITE, Plaintiff-Appellant,
v.
LAMAR REALTY, INC., et al., Defendants-Appellees.
No. 12423.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
Rehearing Denied December 10, 1974.
*599 Brown & Wicker, by Robert A. Lee, Monroe, for plaintiff-appellant.
Parkerson & Guerriero, by Joe D. Guerriero, Monroe, for Lamar Realty, Inc., defendant-appellee.
Theus, Grisham, Davis & Leigh, by Charles H. Heck, Monroe for John B. Salley, Jr., d.b.a. John Salley Realty, defendant-appellee.
Snellings, Breard, Sartor, Shafto & Inabnett, by W. S. Shafto, Jr., Monroe, for Monroe-West Monroe Bd. of Realtors, Inc., defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
En Banc. Rehearing Denied December 10, 1974.
AYRES, Judge.
This cause arose out of a purchase of a residence by plaintiff from Michael R. Marrs. Plaintiff, Walter P. White, prays that the sale be rescinded and that he have judgment for the purchase price paid of $35,000 against the vendor and Lamar Realty, Inc., John Salley Realty, and the Monroe-West Monroe Board of Realtors, Inc., who, as agents of the vendor, sold him the property, all of whom entered pleas of no cause of action which were sustained by the trial judge dismissing plaintiff's suit. By a subsequently filed amended petition plaintiff prayed, in the alternative, for damages in the sum of $15,000.
A brief statement of the alleged facts appears appropriate at this point. Plaintiff purchased a residence situated at 49 Jana Drive, Monroe, Louisiana, from Michael R. Marrs for $35,000 cash in hand paid through realtors Lamar Realty, Inc., and John Salley Realty, who are members of the Monroe-West Monroe Board of Realtors, Inc. This residence was listed with the multi-list operated by the Board of Realtors who prepared a standard-form specification sheet reflecting dimensions and other physical characteristics of the house and property.
Plaintiff contends that he relied on certain statements of the realtors and representations on the specification sheet as to *600 the dimensions of several rooms, the capacity of the air-conditioning unit and the amount of closet space, which proved inaccurate and erroneous, the result being, so he alleged, that the house purchased is so inconvenient as to be unfit for his intended use and enjoyment.
Marrs and defendant Lamar Realty filed exceptions of vagueness for the failure of plaintiff to sufficiently allege the damages he sustained, the "statements" and "representations" of defendants which induced him to purchase the residence, the contemplated purpose for which he bought the property, and particularly in what manner the property is unfit for such purpose. The learned judge of the lower court sustained these exceptions.
All defendants filed exceptions of no cause of action. Marrs urged that no wrongful conduct on his part had been alleged to support a cause of action against him. Lamar Realty, John Salley Realty and the Monroe-West Monroe Board of Realtors contend no cause of action was stated in the petition against them for redhibition or nullification of the contract because they were not parties to the contract; nor is there a cause of action stated in the alternative demand for damages because the petition does not disclose that plaintiff suffered any damages. Plaintiff was allowed 15 days by the lower court to amend his peition in light of its vagueness or to have his action dismissed.
Plaintiff failed to timely amend his petition and, on motion of Michael R. Marrs, the lower court rendered judgment dismissing the suit as against him.
A supplemental and amending petition was filed by plaintiff in which he alleged he was misled by the misrepresentations of the remaining defendants who again urged their exceptions of no cause of action stating that the supplemental petition had not satisfied their objections. The trial judge sustained these peremptory exceptions in a judgment of April 23, 1974. It is from this judgment that plaintiff appealed.
The exception of no cause of action as to plaintiff's suit in redhibition or to rescind the sale was sustained for failure of plaintiff to allege that a contract of sale existed between him and any of the defendants remaining in the action. This part of the judgment is apparently not now in dispute. The issue before this court is, therefore, whether plaintiff has stated in his petition a cause of action for damages against any of the defendants on other grounds.
Plaintiff contends that he has stated a cause of action against the defendants for fraudulently inducing him to enter a purchase contract with a third person. This element of the case was, in our opinion, properly disposed of by the learned judge of the trial court in a written opinion wherein he stated:
"With regard to plaintiff's action for damages, defendants have, in written and oral argument, urged that plaintiff cannot recover in damages because he has alleged that he `was afforded an opportunity to walk through the dwelling and inspect its condition' prior to making the purchase. Defendants have cited decisions in which plaintiffs have been defeated in attempts to rescind sales because the defects complained of were apparent and discoverable by a buyer who had inspected the property before the sale. Pursell v. Kelly, La.App., 139 So.2d 12 (4th Cir. 1962); La Croix v. Recknagel, 230 La. 842, 89 So.2d 363 (1956). Although the plaintiff has cited no cases involving actions for damages based upon the alleged fraud of a person not a party to the contract, we have concluded that such a cause of action has been established by the same civil code article providing for the nullity of contracts resulting from fraud.
"La. Civil Code Art. 1847:
"`Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain *601 some unjust advantages to the one party, or to cause an inconvenience or loss to the other. From which definition are drawn the following rules:
* * * * * *
"`9. If the artifice be practiced by a party to the contract, or by another with his knowledge or by his procurement, it vitiates the contract; but if the artifice be practiced by a third person, without the knowledge of the party who benefits by it, the contract is not vitiated by the fraud, although it may be void on account of error, if that error be of such a nature as to invalidate it; in this case the party injured may recover his damages against the person practicing the fraud.' (Emphasis added.)
* * * * * *
"Therefore, since plaintiff's cause of action against the defendants for fraudulently inducing him to enter a sale with a third person appears to be based upon Article 1847 of the Code, logic and the language of that article indicate that such an action for damages would be subject to the same defenses as an action to rescind a contract brought under the same article. Accordingly, we conclude that plaintiff could not recover damages due to defendants' alleged fraudulent practices because the defects he has alleged would have been discoverable upon an inspection of the property which was afforded him before the sale.
"However, during oral argument, plaintiff contended that his case was based upon Article 2315 of the Civil Code. By this we take it that plaintiff intended to assert, in lieu of or in addition to a cause in fraud, a claim based upon negligent misrepresentations by the defendants. We have not been cited and have been unable to discover any cases in which a Louisiana court has recognized such an action under the article. Nevertheless, we recognize that Articles 2315 and 2316 afford a broad ambit of protection for persons damaged by intentional and negligent acts of others and would not, because of mere lack of jurisprudence on the subject, dismiss plaintiff's case. But we think that justice demands, and that the redactors of the Code probably intended, that persons guilty of negligence under Article 2315 or Article 2316 should be entitled to the same defense based upon the apparent nature of defects as persons guilty of fraudulent practices under Article 1847.
"Thus, we reason that the decisions relied upon by defendants, although rendered in cases concerned with rescission of contract, are equally applicable here. `When the person to whom the alleged false representation is made does not rely on the representations but conducts his own investigation, he will not be heard to complain of fraud.' La Croix v. Recknagel, supra. We think this holds true where he complains of negligent misrepresentations as well as fraud, and we are supported in this conclusion by the similar results reached in other jurisdictions dealing with the common law cause of action of deceit. See Prosser on Torts, Chapter 18, Misrepresentation (4th Ed. 1971). Therefore, since plaintiff has alleged that he inspected the property before the sale and he has complained only of defects which should have been patent and discoverable upon a simple inspection, we find that he has failed to state a cause of action under which he could recover."
We may, however, emphasize that the principle appears settled that where defects in an object purchased are apparent and discoverable on a simple inspection, and where a buyer inspects the property before the sale, he will not be heard to complain of fraud. La Croix v. Recknagel, supra.
The court in La Croix v. Recknagel, supra, referred to an earlier case of Rocchi v. Schwabacher, 33 La.Ann. 1364, 1368 (1881), in which it was stated:
"The rule which governs such a case is laid down in clear language by the Supreme Court of the United States, in *602 [Slaughter's Adm'r v. Gerson] 13 Wallace, 379 [20 L.Ed. 627], as follows:
"`The misrepresentations which will vitiate the contract of sale, and prevent a court of equity from aiding its enforcement, must relate to a material matter, constituting an inducement to the contract, and respecting which the complaining party did not possess at hand the means of knowledge; and it must be a misrepresentation, upon which he relied, and by which he was actually misled to his injury.

"`Where the means of knowledge are at hand, and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's misrepresentations.'" (Emphasis supplied.)
A recent case, Packwood v. Johnson, 264 So.2d 663, 666 (La.App., 1st Cir., 1972), with a different factual situation nevertheless discussed the buyer's duty to inspect. The court held that the evidence was insufficient to establish fraud on the part of the seller of the business in his dealings with the plaintiff purchaser, who alleged that failure of the seller to disclose the existence of a workmen's compensation claim against the business amounted to fraud and created an error of fact which justified rescission of the purchase contract, where the record was replete with proof that the purchaser was afforded every reasonable opportunity to become informed about the claim but did not do so.
Plaintiff urges in brief, however, that a cause of action for damages has been stated against defendants as brokers who by their misrepresentations have breached their fiduciary duty as established by Art. 3017 of the Louisiana Revised Civil Code. However, Art. 3018 specifies that:
"Brokers are not responsible for events which arise in the affairs in which they are employed; they are only, as other agents, answerable for fraud or faults." (Emphasis supplied.)
It has already been concluded that because of plaintiff's own allegation that he had inspected the premises, a cause of action for damages based on fraud cannot be sustained; nor, for the aforementioned reasons, can a cause of action be asserted based on the wrongful or negligent acts of defendants under Arts. 2315 and 2316 of the Louisiana Revised Civil Code.
Accordingly, the judgment is affirmed at plaintiff-appellant's costs.
Affirmed.