404 So.2d 516 (1981)
Eula Thompson BARTLETT, et al., Plaintiffs-Appellants,
v.
Stella CALHOUN, nee Herron, Defendant-Appellee.
No. 8092.
Court of Appeal of Louisiana, Third Circuit.
September 2, 1981.
Rehearing Denied October 12, 1981.
*517 Brumfield & Brumfield, William Brumfield, Baton Rouge, for plaintiffs-appellants.
Calhoun & Murray, Geroge C. Murray, Jr., Vidalia, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
This is a petitory action. Plaintiffs, the alleged heirs of Mr. and Mrs. W. C. Thompson, claim the ownership of approximately 300 acres of land in defendant's possession. In addition, they seek an accounting of the revenues from the property. Defendant filed a motion for summary judgment, which was based on a plea of ten years acquisitive prescription. Following a hearing, the trial court sustained the motion, dismissing plaintiffs' suit. From that judgment, plaintiffs appealed.
The sole issue on appeal is whether the trial court erred in sustaining defendant's motion for summary judgment.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
It is well settled that a summary judgment is warranted only when reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to judgment as a matter of law. The mover has the burden of showing that there is not a genuine issue of material fact in dispute, and any doubt must be resolved against the granting of a summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La. 1979); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir. 1980).
Thus, the issue presented for our resolution is whether defendant has proven that no genuine issue of material fact existed and that she is entitled to judgment as a matter of law.
The evidence shows that the disputed property, which is located near the Black River in Catahoula Parish, was owned at one time by Mr. and Mrs. W. C. Thompson. The record contains an act of sale dated November 20, 1949, which recites that the property was sold to defendant by the Thompsons. Plaintiffs challenge the validity of that instrument, alleging that the signatures of the Thompsons were forged.
The record also contains two other acts of sale, which purport to affect the title to the property. The first, which is dated December 10, 1949, states that defendant sold the property to Grey Ramone Brown. The second, which is dated October 1, 1951, states that Brown sold the property to defendant. Although plaintiffs have questioned defendant's right to convey title to the property to Brown, they have not otherwise challenged the validity of those documents, nor have they disputed the fact that Brown went into possession of the property in December of 1949, and that defendant has been in continuous possession of it since October of 1951.
Defendant's contention that she is entitled to judgment as a matter of law is based on her claim that she has acquired title to the disputed property by ten years acquisitive prescription. The conditions necessary for that form of prescription are set forth in LSA-C.C. Art. 3479, which provides:

*518 "To acquire the ownership of immovables by the species of prescription which forms the subject of the present paragraph, four conditions must concur:
1. Good faith on the part of the possessor.
2. A title which shall be legal, and sufficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
4. And finally an object which may be acquired by prescription."
Plaintiffs argue that there are genuine issues of material fact with regard to whether two of the above conditions have been met. First, they contend that defendant's good faith is at issue. The trial court concluded that it did not matter whether defendant was personally in good faith, since under LSA-C.C. Art. 3493[1] and the case of Liuzza v. Heirs of Nunzio,[2] she was able to take advantage of Grey Ramone Brown's good faith by tacking or joining her subsequent possession to his.
Plaintiffs do not appear to seriously dispute the trial court's legal conclusions, which we find to be correct.[3] However, they argue that Grey Ramone Brown's good faith is at issue. We find no merit in that argument. Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor must prove it. LSA-C.C. Art. 3481; Jackson v. D'Aubin, supra. Contrary to plaintiff's arguments, we find nothing in the record to rebut that presumption.
In response to interrogatories propounded by the plaintiffs, defendant affirmatively alleged Brown's good faith. Plaintiffs, on the other hand, when asked the question, "Do you contend that Grey Ramone Brown and/or J. L. Calhoun were not in legal good faith when Grey Ramone Brown acquired the property on the tenth day of December, 1949?", responded as follows: "Interrogatory No. 1 does not properly set forth a contention of plaintiffs herein." That response was clearly not sufficient to put Brown's good faith at issue. Having found nothing else in the record on point, we conclude that the trial court was correct in finding that Brown was in good faith and that defendant was entitled to take advantage of that good faith by tacking or joining her subsequent possession to his.
Next, plaintiffs argue that there is a material issue with regard to whether there was a title which was legal and sufficient to transfer the property. That argument is also without merit. The kind of title that is contemplated by LSA-C.C. Art. 3479 is described in LSA-C.C. Art. 3484 as follows:
"By the term just title, in cases of prescription, we do not understand that which the possessor may have derived from the true owner, for then no true prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the ownership of the property."
Since the prescriptive period began with Grey Ramone Brown's possession of the property, the relevant instrument for determining whether there was a just title is the act of sale of December 10, 1949, pursuant to which Brown purchased the property from defendant. A reading of that document shows that it was such as to transfer the ownership of the property, and for the foregoing reasons, there is no question about the fact that Brown was in good faith and honestly believed that he received title to the property from the real owner.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of *519 this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 3493:

"The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by a universal or particular, a lucrative or an onerous title."
[2] 241 So.2d 277 (La.App. 1st Cir. 1970).
[3] See also, Jackson v. D'Aubin, 338 So.2d 575 (La. 1976).