430 So.2d 1358 (1983)
Eula Thompson BARTLETT, et al., Plaintiffs-Appellants,
v.
Stella CALHOUN, nee Herron, Defendant-Appellee.
No. 82-730.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Rehearing Denied May 26, 1983.
*1359 Brumfield & Brumfield, William P. Brumfield, Baton Rouge, for plaintiffs-appellants.
Calhoun & Murray, George C. Murray, Jr. and Jack H. McLemore, Jr., Vidalia, for defendant-appellee.
Before GUIDRY, STOKER and KNOLL, JJ.
GUIDRY, Judge.
This is a petitory action. The plaintiffs, the heirs of W.C. and Dorothy Thompson, appeal the judgment of the trial court granting the defendant's motion for summary judgment.
W.C. and Dorothy Thompson acquired the property in question from Mary C. Thigpen on October 7, 1943. On October 16, 1943, the Thompsons mortgaged the property to secure a loan of $4,000.00 from J.L. Calhoun, the defendant's husband. On November 30, 1949, an act of sale was passed transferring the property to the defendant, Mrs. Calhoun.[1] Mrs. Calhoun then sold the property to Grey Ramone Brown on December 10, 1949. Brown sold the property back to Mrs. Calhoun in October, 1951.
The plaintiffs, the heirs of W.C. and Dorothy Thompson, brought this petitory action in 1977. They claim that their parents never executed the act of sale to Mrs. Calhoun on November 30, 1949, and that the signatures on that document, purporting to be those of Mr. and Mrs. Thompson, were forgeries. The defendant, Mrs. Calhoun, filed a motion for summary judgment based on ten year acquisitive prescription. The plaintiffs opposed the motion by asserting that Mrs. Calhoun's good faith was at issue. *1360 The trial court concluded that, regardless of her good or bad faith, Mrs. Calhoun could take advantage of the good faith of her predecessor, Brown, by tacking her possession to his, thus acquiring the property by the acquisitive prescription of ten years. See LSA-C.C. Art. 3493, Liuzza v. Heirs of Nunzio, 241 So.2d 277 (La.App. 1st Cir. 1970).[2] Finding no issue of material fact, the trial court granted the defendant's motion for summary judgment. We affirmed. Bartlett v. Calhoun, 404 So.2d 516 (La.App. 3rd Cir.1981). The Supreme Court granted a writ of certiorari and reversed. Bartlett v. Calhoun, 412 So.2d 597 (La.1982). In doing so, the court overruled Devall v. Choppin, 15 La. 566 (1840) and its progeny, including the case we relied on in our earlier opinion, Luizza v. Heirs of Nunzio, supra. The court held that a bad faith possessor may not tack his possession to that of his good faith author in order to acquire ownership by acquisitive prescription of ten years. The court stated:
"Applying this civilian principle to the present case, it is evidence that Ms. Calhoun's status as a possessor is essential to her claim of acquisitive prescription of ten years. Defendant, as a purchaser, is a successor by particular title. If she was in good faith when she re-acquired the property in 1951, she could cumulate the requisite ten years on her own, or tack her possession to that of her good faith author. On the other hand, if defendant was in bad faith she could not avail herself of Grey Brown's good faith and become owner of the land in question after the passage of ten years. Though she could still tack her possession to that of her author's for thirty year acquisitive prescription, the institution of this suit in 1977 would interrupt her possession and preclude her claim of ownership. See C.C. art. 3518."
The Supreme Court then remanded the case to the trial court to determine whether the pleadings, depositions, admissions of fact or affidavits established a genuine issue regarding the good faith of Mrs. Calhoun.
The plaintiffs relied on two affidavits in opposition to the motion for summary judgment. The trial court found that neither affidavit complied with the requirements established by the Code of Civil Procedure, and he therefore disregarded them. The court again granted the defendant's motion for summary judgment, finding no issue created regarding the defendant's good faith. The correctness of this judgment is the subject of this appeal.
The two issues presented are (1) whether the trial court erred in disregarding the affidavits relied upon by the plaintiffs; and, (2) if admissible, whether one or both of the plaintiffs' affidavits created a genuine issue of material fact.
The first affidavit relied upon by the plaintiffs is that of Eula Thompson Bartlett, one of the plaintiffs herein. Mrs. Bartlett stated that based upon her knowledge, information and belief, her parents never executed the sale of the property in question on November 30, 1949, or at any other time during their lifetime.
The second affidavit relied upon by the plaintiffs is that of Bobby G. Foley, a registered examiner of questioned documents. Foley stated that he examined the act of sale dated November 30, 1949, and in particular the purported signature of Dorothy Thompson and the purported mark of W.C. Thompson. He further stated that he examined several other documents known to contain the actual mark of W.C. Thompson, as well as two documents known to contain the actual signature of Dorothy Thompson. He concluded that the person who made the marks on the known documents of W.C. Thompson did not author the "X" mark on the act of sale dated November 30, 1949, and that the person who signed Dorothy Thompson's signature on the known documents executed by Dorothy Thompson did not author her signature on the act of sale *1361 dated November 30, 1949. None of the documents referred to were attached to the affidavit.
LSA-C.C.P. Art. 966 provides:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
LSA-C.C.P. Art. 967 provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."
In Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981), the Supreme Court discussed the consideration to be given affidavits which do not conform to formal requirements. The court stated:
"The failure of the opposing affiants to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of their affidavits. An affidavit which does not measure up to formal standard is subject to a motion to strike. In the absence of such a motion or other objection, the lack of showing of personal knowledge is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts." (citations omitted)
In the instant case, it is clear that neither of the affidavits relied upon by the plaintiffs conform to formal requirements of LSA-C.C.P. Art. 967, supra. The affidavit of Eula Thompson Bartlett fails to show that Mrs. Bartlett has personal knowledge of the facts attested to. The affidavit of Bobby G. Foley makes reference to several documents, none of which are attached to the affidavit as required by the statute.
While the affidavits were defective in form, the defendant failed to file a motion to strike. Counsel for the defendant argued in a memorandum submitted to the *1362 trial court that the affidavits should be disregarded due to their failure to comply with LSA-C.C.P. Art. 967, supra. He repeated this contention in oral argument before the trial court. However, he failed to make any formal objection to the affidavits, and never asked for a ruling on their admissibility. We conclude that the defendant has failed to sufficiently object to the affidavits, and that the defects therein do not prevent judicial consideration of the affidavits for the purpose of ruling on the motion for summary judgment.
We have serious doubt as to whether the affidavit of Mrs. Bartlett is based on personal knowledge of the facts attested to. We cannot say that the trial court erred in disregarding her affidavit, since he could have concluded that it was clear from the affidavit itself that it was not based on personal knowledge of the facts. Vermilion Corporation v. Vaughn, supra.
The affidavit of Bobby G. Foley should have been considered for the purpose of ruling on the motion for summary judgment. The only defect in the affidavit, the failure to attach the documents referred to, was waived by the failure of the defendant to object. The trial court erred in disregarding this affidavit.
The remaining issue is whether the affidavit of Bobby G. Foley, along with all other pleadings, depositions, answers to interrogatories, admissions on file, and affidavits create a genuine issue of material fact.
A motion for summary judgment should be granted only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. The burden of showing that there is not an issue of material fact is on the mover, and all doubts must be resolved against the granting of the motion for summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The fact at issue is the good faith of the defendant, Mrs. Calhoun, when she reacquired the property in October, 1951. If the act by which she first acquired the property does indeed contain forged signatures, as is indicated by the affidavit of Foley, her good faith would be brought into serious question. In light of the facts attested to by Foley, and the jurisprudential rule that all doubts are to be resolved against the granting of summary judgment, we conclude that the defendant has not met the burden of proving that there is no genuine issue of material fact, and the trial judge was in error in granting the defendant's motion.
For the above and foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings. Defendant-appellee is cast for all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] This transfer was more in the nature of a dation en paiement, as the record appears to reflect that the transfer was allegedly made in payment of the mortgage indebtedness of October 7, 1943.
[2] LSA-C.C. Art. 3493 was repealed by Act 187 of 1982 but its substance was re-enacted in LSA-C.C. Arts. 3441 and 3442.