457 So.2d 311 (1984)
Elton DEVILLE, Plaintiff-Appellant,
v.
Henry J. LEONARDS, et al., Defendants-Appellees.
No. 83-951.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Elton Deville, in pro. per.
James A. McGraw and Denise A. Nagel, Baton Rouge, for defendants-appellees.
*312 Before GUIDRY, LABORDE and YELVERTON, JJ.
GUIDRY, Judge.
On December 2, 1982, Elton Deville, in proper person, filed a petition styled "petition for fruad (sic)" against Henry J. Leonards and Jordan Allen Reamer, employees of the Louisiana State Department of Labor for their alleged fraudulent disqualification of plaintiff for state unemployment benefits. In his petition, plaintiff sought trial by jury and damages for deprivation of unemployment benefits, punitive and double indemnity sanctions, and attorney's fees. A motion for change of venue and a motion for jury trial filed by plaintiff along with a motion for summary judgment filed by defendants were consolidated for hearing. The trial judge denied plaintiff's motion for change of venue and granted defendants' motion for summary judgment dismissing plaintiff's claim. Plaintiff's motion for a jury trial was dismissed as moot. Plaintiff appeals.

CHANGE OF VENUE
La.C.C.P. Art. 122 provides as follows:
"Any party by contradictory motion may obtain a change of venue upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause. If the motion is granted, the action shall be transferred to a parish wherein no party is domiciled."
Plaintiff's asserted basis for his request for a change of venue is that he is disliked in Acadia Parish and that as a result he is unable to obtain legal counsel and unable to obtain a fair and impartial trial. In support thereof, Mr. Deville stated that he had contacted ten attorneys in the area who refused to represent him but conceded that he had not visited the local legal aid office. Plaintiff specifically requested a transfer to Lake Charles where he stated that he had engaged local counsel conditioned on a transfer to that judicial district.
Defendants argued that a change of venue to Calcasieu Parish would impose undue hardship on the defendants.
Under La.C.C.P. Art. 122, a change of venue is discretionary with the trial judge and will not be disturbed absent a clear abuse of discretion. Pursuant to this article, the mover has the burden of showing sufficient cause why he is unable to obtain an impartial trial in the court of original venue. Plaintiff's unsupported allegation that he is disliked in Acadia Parish is insufficient to meet that burden. Nor does the fact that ten attorneys refused to take his case suggest that he is disliked or unable to obtain a fair and impartial trial. We find no abuse of the trial judge's discretion in denying plaintiff's motion for change of venue.

FACTS
The pleadings, answers to interrogatories, affidavits, and official records of the Louisiana Office of Employment Security filed in these proceedings reflect the following material facts to be without dispute.
On or about October 15, 1981, plaintiff filed a claim for unemployment benefits and registered for employment as a pipe welder with the Louisiana Office of Employment Security. Plaintiff was thereafter assessed by that office as qualifying for unemployment benefits at the rate of $183.00 per week. Plaintiff drew these unemployment benefits until December 18, 1981. In early December of 1981, plaintiff was referred by the Crowley Office of Employment Security for a welder's job at the Forked Island Shipyard. This referral resulted from a request by the Forked Island Shipyard to the Crowley office for production welders. Plaintiff refused to accept this referral for employment giving as his reasons that he could not pass the company physical examination and that the wages offered were $1.00 to $1.50 per hour less than he previously earned. Upon plaintiff's adamant refusal to accept this employment referral, he was disqualified, effective December 22, 1981, for further unemployment benefits under the authority *313 of La.R.S. 23:1601(3). The initial determination to terminate plaintiff's benefits was made by Jordan Allen Reamer, an interviewer in the Office of Employment Security in Crowley and Henry J. Leonards, his supervisor. Claimant thereafter filed an appeal with the Louisiana Office of Employment Security. After a hearing held on January 20, 1982, the determination of the agency was affirmed by an appeals referee. Upon a subsequent appeal to the Louisiana Board of Review, the decision of the referee was affirmed. Plaintiff did not thereafter file an action for judicial review of this administrative decision provided for by La.R.S. 23:1634. Plaintiff then instituted this suit against defendants, Jordan Allen Reamer and Henry J. Leonards, seeking damages for their alleged fraudulent disqualification of plaintiff for unemployment benefits.

MOTION FOR SUMMARY JUDGMENT
As we understand the petition of plaintiff, he alleges that defendants knowingly and intentionally fabricated an employment opportunity to which he was referred and thereafter upon his refusal to accept such referral, defendants fraudulently misrepresented that the employment was "suitable work" within the intendment of La.R.S. 23:1601(3)(a), all for the sole purpose of disqualifying plaintiff from receiving further employment benefits.
In Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979), our Supreme Court recognized that La.C.C. Art. 2315 affords a broad ambit of protection for persons damaged by intentional and negligent acts of others. Further, Louisiana courts have long recognized that a party who is injured by the fraud and deceit of another has a cause of action against the offending party for damages. Swann v. Magouirk, 157 So.2d 749 (La.App. 2nd Cir.1963); White v. Lamar Realty, Inc., 303 So.2d 598 (La. App. 3rd Cir.1974). In Altex Ready-Mixed Concrete Corp. v. The Employers Commercial Union Insurance Company et al, 308 So.2d 889 (1st Cir.1975), writ refused, 312 So.2d 872 (La.1975), the court stated the following:
"Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, ... to cause loss or inconvenience to the other."
Finally, we observe that fraud is never presumed and that one who alleges fraud has the burden of establishing it by legal and convincing evidence. La.C.C. Art. 1848; Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (1953).
In this case, defendants have filed a motion for summary judgment urging the absence of any dispute as to material fact and their entitlement to judgment as a matter of law.
A motion for summary judgment should be granted if the affidavits, depositions, documents etc., filed in support thereof show the absence of any dispute as to material fact and when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Bartlett v. Calhoun, 430 So.2d 1358 (La.App. 3rd Cir.1983).
The facts which we have previously summarized are fully supported by the record and are without dispute. In particular, we note the record clearly reflects that the employment opportunity to which plaintiff was referred was genuine and not a fabrication. The record contains a copy of the job order received by the administrative agency from Forked Island Shipyard verifying an actual job vacancy for a specific welding position. Additionally, there is no factual dispute surrounding plaintiff's actions following the job referral, i.e., he adamantly refused to contact the prospective employer concluding on his own that he would not pass the company physical and, in any event, that the employment was not "suitable work" within the intendment of La.R.S. 23:1601(3)(a).
All of the evidence supports the inevitable conclusion that the decision by the defendants recommending termination of plaintiff's unemployment benefits was *314 nothing more than a good faith administrative decision based upon applicable law. At the hearing on motion for summary judgment, the plaintiff offered no counter affidavit or receivable evidence to substantiate his bare allegations of fraudulent misrepresentation on the part of defendants. It is settled that a plaintiff, when confronted with a motion for summary judgment, may not rest on the mere allegations of his pleadings but must show by affidavit or other receivable evidence that there is a genuine issue of material fact. If a plaintiff does not respond and summary judgment is appropriate, it shall be rendered against him. Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir.1979). In the instant case, our careful review of the record reveals no genuine issue of fact material to a determination that defendants are entitled to judgment as a matter of law ordering the dismissal of plaintiff's suit with prejudice.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.