CARTER, Judge.
Plaintiffs, Sadie Aline Campos and Donald Jerome Campos, appeal the trial court’s granting of the motion for summary judgment filed by defendant Fairchild Livestock Sales, Inc.
On May 3, 1980, co-defendant Alton Gerald purchased a jersey bull at Fairchild Livestock Sales, Inc. (Fairchild). Defendant Gerald obtained custody of the animal and thereafter on July 8, 1980, it escaped from an enclosure attacking and seriously injuring Donald J. Campos. Plaintiffs filed suit on July 24, 1980, against Shelton Gerald, Alton Gerald, and their insurer, Allstate Insurance Company. By amended petition, plaintiffs allege the liability of Fair-child under theories of strict liability and negligence. Specifically, plaintiffs allege that Fairchild is liable for “the actions of a bull which was owned and/or sold and/or marketed” by Fairchild. On November 11, 1981, Donald J. Campos compromised and settled his claim against Shelton Gerald, Alton Gerald, and Allstate Insurance Company, asking that the proceedings be dismissed with prejudice only as to those parties. A full reservation of rights was reserved as to Fairchild.[1] Thereafter, Fair- *38 child moved for summary judgment, attaching affidavits. After a hearing, the trial court granted Fairchild’s motion for summary judgment.
On appeal, plaintiffs contend that the trial court erred in maintaining Fairchild’s motion. Specifically, they allege that the Court apparently based its decision on no cause of action or no right to recover against Fairchild. However, in brief, plaintiffs contend that Fairchild had a duty to warn of the dangerous propensities of the bull before placing it into the stream of commerce. Therefore, we conclude that plaintiffs contend Fairchild is liable under either LSA-C.C. arts. 2315, 2317 or 2321.
It is well settled that a motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that reasonable minds must inevitably conclude that the mover is entitled to a summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Bartlett v. Calhoun, 430 So.2d 1358 (La.App. 3rd Cir.1983), writ denied, 438 So.2d 575 (La.1983). The burden of showing that no genuine issue of material fact exists is upon the mover of the motion for summary judgment, all doubts being resolved against the granting of such motion and in favor of a trial on the merits. Bartlett, supra. Based upon the following discussion, we find that the trial court correctly granted Fairchild’s motion.
Liability Under LSA-C.C. Arts. 2317 [2] and 2321[3]
The Louisiana Supreme Court succinctly set forth the obligations of an owner-custodian and a non-owner-custodian of animals in Rozell v. Louisiana Animal Breeders Co-op, 434 So.2d 404, 407-408 (La.1983), as follows:
According to Loescher [v. Parr ], “Article 2317 embodies the concept of the legal fault of the guardian of a thing for the damage caused by the defect of his thing.” 324 So.2d [441] at 448 [La.1975]. However, the “similar [but not identical] concept of legal fault” in Article 2321 is based not on guardianship and defectiveness but “the deficient act” of the animal. 324 So.2d 448. The deficiency in the case of an animal rests in the infliction of the damage. “The fault committed by the proprietor ... of the animal has no need to be proved: it is presumed by the law, which declares him legally responsible for the damage.” (footnotes omitted)
The affidavit submitted by Fairchild clearly indicates that Fairchild never owned the bull in question, but was merely a broker in the sale of animals. Additionally, the affidavit indicated that for over two months preceding the accident, Fairchild exercised no possession, control, or influence over the bull. The bull was owned by and was in the total control and custody of defendant Gerald. Moreover, plaintiffs in their memorandum in opposition to the motion for summary judgment concede that Fairchild was not the owner or custodian of the bull at the time of the injury and had previously been a commission agent.
Básed upon these facts, we find that reasonable minds must inevitably conclude that Fairchild was neither an owner nor a custodian of the bull and that LSA-C.C. arts. 2317 and 2321 are inapplicable to the instant case.
*39 Liability Under LSA-C.C. art. 2315
In determining negligence liability, the courts of this State have adopted a duty-risk analysis approach. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). To hold the defendant liable for his negligence, each of the following questions must be answered in the affirmative: 1) do the risks and harm encountered by plaintiff fall within the protection of a legal duty owed to plaintiff by defendant; 2) was defendant negligent, i.e., did defendant breach the duty owed to plaintiff; 3) was defendant’s action a cause-in-fact of plaintiff’s injury; and, 4) was plaintiff damaged by defendant’s conduct. Dixie Drive It Yourself Sys. v. American Beverage Co., supra.
Did defendant owe a duty to plaintiff?
Although plaintiffs argue that the case sub judice is a products liability case and that Fairchild had a duty to warn plaintiffs of the dangerous propensities of the bull, the factual situation presented herein is clearly not one of products liability.
We have carefully reviewed the record and the relevant theories of recovery available to plaintiff. However, we can find no duty on the part of Fairchild to plaintiffs. Therefore, we find that reasonable minds must inevitably conclude that, as a mattqr of law, Fairchild owed no duty to plaintiff and that Fairchild, therefore, is not liable for plaintiff’s injuries under LSA-C.C. art. 2315.
For the above reasons, the judgment of the trial court granting Fairchild’s motion for summary judgment is affirmed. Costs of this appeal are assessed against plaintiffs.
AFFIRMED.

. We note in the motion to dismiss that a reservation of rights was reserved against Kentwood Livestock Sales, Inc. and Fairchild Livestock Sales, Inc. However, the record is devoid of any pleadings which name Kentwood Livestock Sales, Inc. as a defendant. As such, we need only discuss issues as to Fairchild.

. LSA-C.C. art. 2317 reads as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

. LSA-C.C. art. 2321 reads as follows:
The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment.