764 So.2d 945 (2000)
STATE of Louisiana
v.
Scott B. BREWSTER.
State of Louisiana
v.
Robert J. O'Reilly.
No. 00-KK-1266.
Supreme Court of Louisiana.
June 30, 2000.
*946 PER CURIAM.[*]
The State of Louisiana ("State") seeks review of a judgment of the court of appeal sua sponte declaring La. R.S. 13:719 unconstitutional. For the reasons assigned, we grant the application, vacate the ruling of the court of appeal, and remand the case to the district court for further proceedings.

UNDERLYING FACTS
In separate proceedings, defendants were charged with various misdemeanor offenses in the 22nd Judicial District Court for the Parish of St. Tammany. Pursuant to La. R.S. 13:719, defendants were tried before a commissioner and were convicted and sentenced.
Defendants separately appealed to the district court, which affirmed the convictions and sentences. Defendants then applied to the court of appeal for supervisory writs. On its own motion, the court of appeal consolidated the two cases and ordered the parties to brief the issue of the constitutionality of La. R.S. 13:719. Following briefing, the court of appeal rendered an opinion declaring La. R.S. 13:719 unconstitutional, on the ground it allows the commissioner to exercise a portion of judicial power restricted by the Louisiana Constitution to elected judges of authorized courts.[1]
The State sought review of this judgment in this court.

DISCUSSION
Pretermitting the merits of the case, we find the court of appeal erred in reaching the issue of constitutionality on its own motion, without the issue being raised by the parties. In Board of Commissioners v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, we explained:
As a general rule, courts should not reach the question of a statute's constitutionality when its unconstitutionality has not been placed at issue by one of the litigants. See Vallo v. Gayle Oil Co. Inc., et al., 94-CA-1238, 646 So.2d 859 (La.1994). Unless a statute as drawn is clearly unconstitutional on its face, it is preferred that the parties to a dispute uncover any constitutional defects in a statute through the dialectic of our adversarial system; for a court sua sponte to declare a statute unconstitutional is a derogation of the strong presumption of constitutionality accorded legislative enactments. See State v. Cinel, 94-KA-0942, 646 So.2d 309, 313 (La.1994) (citations omitted) ("[w]henever it is possible, [Louisiana] courts have the duty to interpret statutes in a manner consistent with" our state and federal constitutions).
See also State v. Neisler, 93-1942, n. 9 (La.2/28/94), 633 So.2d 1224 (constitutionality of a statute delegating judicial functions to appointed magistrate commissioners was not raised by any of the parties to the proceeding and could not be considered).
The sole exception to this general rule is that a court can reach the constitutional question on its own motion when its jurisdiction is affected. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969); State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961). This exception has typically been applied in cases where a legislative enactment interferes with or curtails the plenary power *947 of the reviewing court. However, that exception is clearly inapplicable in the instant case because nothing in La. R.S. 13:719 interferes with or curtails the plenary power of the court of appeal to review defendants' convictions and sentences.
In its opinion, the court of appeal observed that it could recognize the want of the commissioner's subject matter jurisdiction on its own motion. "Jurisdiction" is defined in La.Code Crim. P. art. 16:
Courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this state, except as their statutory jurisdiction and powers are restricted, enlarged, or modified by the provisions of this Code.
It is not disputed that the commissioner acted within the scope of the authority granted to him by a statute of this state, La. R.S. 13:719. This legislative enactment must be presumed constitutional. Accordingly, the commissioner must be presumed to have jurisdiction over these matters, until such time as the constitutionality of that statute is challenged in a procedurally proper manner.
Thus, we find the court of appeal erred in reaching the constitutionality of La. R.S. 13:719 on its own motion. Its ruling declaring the statute unconstitutional must be vacated.
Ordinarily, we would remand the case to the court of appeal to resolve the other issues presented in the appeal. However, we note that defendants have now raised the question of the statute's constitutionality. In the interests of justice, we will remand the case to the district court to allow defendants to specifically plead the unconstitutionality of the statute and to allow the parties to fully litigate the issue. See Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).

DECREE
For the reasons assigned, the writ is granted and the judgment of the court of appeal is vacated and set aside. This case is remanded to the district court for further proceedings consistent with this opinion.
CALOGERO, C.J., dissents and assigns reasons.
LEMMON, J., would grant and docket.
CALOGERO, Chief Justice, dissents from the action of the court and would docket this matter as an appeal.
Commissioner Gleason presided in these two criminal matters. The district court separately affirmed the convictions and sentences. On writs to the court of appeal, the First Circuit consolidated the cases and asked the parties to brief the issue of the constitutionality of La. Rev. Stat. 13:719, which created a commissioner in the 22nd Judicial District Court and authorized the commissioner inter alia to conduct trials, accept pleas, and impose sentences in misdemeanor criminal cases. After the court of appeal declared the statute unconstitutional, the State took an appeal to this court. As is customary, we reviewed the filing to determine whether the judgment is properly appealable. In the meantime, at the request of the judges of the 22nd Judicial District Court, and exercising our supervisory authority, we assigned a judge to replace Commissioner Gleason, at least until these cases and the issue concerning his jurisdictional authority are resolved.
Now, this court's majority vacates the court of appeal judgment and remands the cases to the district court for further proceedings (because the court of appeal reached the issue of constitutionality on its own motion without the issue having been raised by the parties). Surely, upon remand the defense attorneys in these cases will attack the constitutionality of the statute, armed as they are, now, with a favorable opinion from the court of appeal. Thus, what we effectively do is hold for another day the validity of the now-vacated opinion of the court of appeal, which has found La.Rev.Stat. 13:719 unconstitutional.
Deciding not to resolve an issue now that will surely return to this court seems *948 to be a waste of judicial resources. We have the power under the constitution to take up and review the ruling of the court of appeal finding the statute unconstitutional. The unnecessary delay of the resolution of this issue prompts me to dissent from the action of the court today. I would allow the court of appeal ruling to stand for now, docket the State's appeal, and decide whether La.Rev.Stat. 13:719 is constitutional.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part II, § 3.
[1] State v. Brewster, 99-1361, 99-1774 (La. App. 1st Cir.2/18/00), ___ So.2d ___, 2000 WL 287405.