827 So.2d 547 (2002)
Nadine LANTHIER
v.
FAMILY DOLLAR STORE.
No. 02-429.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*548 Michael B. Miller, Crowley, LA, for Plaintiff/Appellant Nadine Lanthier.
Azelie Ziegler Shelby, Ungarino & Eckert, L.L.C., Baton Rouge, LA, for Defendant/Appellee Family Dollar Store.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and MARC T. AMY, Judges.
THIBODEAUX, Judge.
In this workers' compensation case, plaintiff, Nadine Lanthier, appeals a judgment of the Office of Workers' Compensation (OWC). OWC dismissed, on its own motion, plaintiff's claim of employer fraud under La.R.S. 23:1208 on the basis of lack of subject matter jurisdiction.
We affirm. Louisiana Revised Statutes 23:1208 is beyond the scope of the powers and authority granted to the Office of Workers' Compensation, an executive branch office. We declare La.R.S. 23:1208 unconstitutional pursuant to Article 5, Section 1; Article 5, Section 16; and Article 2, Section 2 of the Louisiana Constitution.

I.

FACTS
Nadine Lanthier, an employee of Family Dollar Store, suffered a work-related injury on January 14, 1999. As a result, Lanthier was entitled to workers' compensation benefits, until such time as she could resume full duties at Family Dollar. On August 27, 1999, Lanthier filed a disputed claim for benefits against Family Dollar "alleging its failure to pay worker's compensation benefits and provide proper medical treatment." Lanthier v. Family Dollar Store, 01-0437, p. 2 (La.App. 3 Cir. 4/3/02); 813 So.2d 1212, 1214. The workers' compensation judge "denied [Lanthier's] request for penalties and attorney's fees on the basis that Family Dollar improperly calculated her wages and was untimely in initiating the payment of compensation benefits." Id. at 1215. However, Lanthier was granted an award of $2,000 in attorney fees and $2,000 in penalties because Family Dollar failed to reimburse her for mileage. Id. Lanthier appealed the workers' compensation judge's (WCJ) finding that she was a part-time employee and that she was able to return to work. In addition, she appealed his denial of additional penalties and attorney fees. On April 3, 2002, this court affirmed the WCJ's ruling that Lanthier was a parttime employee, but reversed his decision on additional penalties and attorney fees, granting her monthly supplemental earnings, attorney fees, and penalties.
Following this decision, Lanthier filed a complaint with the Office of Workers' Compensation (OWC), alleging that the manager of Family Dollar, Denise Guidry, violated La.R.S. 23:1208, pertaining to misrepresentations *549 of compensation benefits, by providing false testimony that Lanthier was a part-time employee. In response to this allegation, Family Dollar filed a peremptory exception of res judicata, arguing that this issue had been addressed by the court previously. On February 22, 2002, the WCJ denied Family Dollar's exception of res judicata. In this same proceeding, the WCJ found, on his own motion, that the OWC lacked subject matter jurisdiction over the claim. Lanthier now appeals the WCJ's finding of lack of subject matter jurisdiction.

II.

ISSUES
We shall consider whether the OWC has subject matter jurisdiction to consider claims of misrepresentation under La.R.S. 23:1208, and whether La.R.S. 23:1208 is constitutional.

III.

STANDARD OF REVIEW
There are no material facts in this case that are in dispute. The standard of review for questions of law is de novo. "Appellate review of a question of law is simply to determine whether the court below was legally correct or legally incorrect in its application of the statute." Louisiana Worker's Compensation Corp. v. Mullings, 33-567, p. 4 (La.App. 2 Cir. 6/21/2000); 764 So.2d 205, 208.

IV.

APPELLATE COURT'S POWER TO REVIEW
The general rule is that appellate courts do not review issues of unconstitutionality which were not adjudicated at the trial court level. However, there are exceptions to this general rule:
1) when a statute attempts to limit the constitutional power of the courts to review cases. State v. Wright, 305 So.2d 406, 409 (La.1974). (Summers, J., dissenting); 2) when [a] statute interferes with or curtails plenary power vested in courts by the state constitution. (Citations omitted).
Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8, n. 9 (La.11/30/94); 646 So.2d 859, 865, n. 9.
We recognize that in State v. Brewster, 0-0-1266 (La.6/30/00), 764 So.2d 945, the Louisiana Supreme Court held that a statute's constitutionality could not be challenged by an appellate court on its own motion under the Vallo exception. In Brewster, the Supreme Court held that if a statute did not directly challenge a court's jurisdiction, the exception outlined in Vallo is clearly inapplicable. Id. at 947. While we are cognizant of the Brewster holding, the general rule, and those exceptions to the general rule, we cannot reach the issue of lack of subject matter jurisdiction without considering the constitution and its authority. Furthermore, it is well-known that an appellate court is statutorily authorized to "render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. Our decision to consider the constitutional issue is additionally buttressed by the fact that we may consider issues which were not submitted to the trial court if the interests of justice Clearly suggest it. Rule 1-3 Uniform RulesCourts of Appeal. We think the interests of justice require such consideration of the constitutional issue in this case.

V.

LAW AND DISCUSSION

The Office of Workers' Compensation Cannot Consider Claims of Fraudulent Misrepresentation Under La. R.S. 23:1208:
Lanthier argues that the Office of Workers' Compensation has the jurisdictional *550 authority to determine whether Family Dollar Store misrepresented her employment status in violation of La.R.S. 23:1208. The WCJ concluded that the OWC lacked subject matter jurisdiction. We agree.
Article 5, Section 16 of the Louisiana Constitution states: "Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." In accordance with this constitutional provision, the WCJ properly recognized that he lacked the authority to review a claim of fraudulent misrepresentation. Article 5, Section 16 limits the scope of the power and authority of an administrative tribunal like OWC.
In Albe v. Louisiana Worker's Compensation Corp., 97-581, p. 1 (La.10/21/97); 700 So.2d 824, 825, the Louisiana Supreme Court addressed the issue of "whether hearing officers of the Office of Worker's Compensation Administration (OWC) have subject matter jurisdiction to determine issues of constitutionality in claims arising under the Worker's Compensation Act." In its analysis, the court explained:
[A]gencies have adjudicative and fact finding powers that mimic those exercised by the courts. Although we recognize the Office of Workers' Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V. Put simply, the hearing officers of the OWC are not authorized to exercise "judicial power" under Art. 5, § 1. Their power was properly restricted to administrative agency determinations by Art. V, § 16(A). The power of judicial review is the very essence of judicial duty. (Citation omitted) (Emphasis added).
In State v. O'Reilly, 00-2864, 00-2865 (La.5/15/01); 785 So.2d 768, the Louisiana Supreme Court examined whether a provision "authoriz[ing] the commissioner for the Twenty Second Judicial District Court to conduct trials, accept pleas, and impose sentences in misdemeanor cases" was constitutional. Id. at 770. Relying on La. Const. art. V, § 16, the supreme court stated "the power to make the ultimate determination in a case must be exercised by duly elected judges." Id. at 774.
Accepting guilty pleas, rendering verdicts after presiding over a trial and imposing sentences are unquestionably final determinations which involve the exercise of adjudicatory power.... The commissioner, an unelected official [of the Twenty Second Judicial District Court], cannot lawfully exercise the adjudicatory power of the state. Subsection (E)(2)(e) of La.R.S. 13:719, which authorizes a non-elected person to exercise adjudicatory power, is therefore unconstitutional. Id.

Specifically, this court is troubled by the grant of power provided in La.R.S. 23:1208, which permits the Office of Workers' Compensation to impose criminal penalties against those in violation of the statute. As the court found in Rivera v. West Jefferson Medical Center, 96-152, p. 17 (La.App. 5 Cir. 7/30/96); 678 So.2d 602, 611, we also find:
There is a fundamental difference between criminal and civil matters. (Citation omitted). Criminal prosecutions put the defendant at risk of losing basic personal freedoms which are protected by both the United States and the Louisiana Constitutions. As such, criminal prosecutions must be conducted *551 within the strict confines of the criminal justice system. There is no provision in the Worker's Compensation Chapter which authorizes a hearing officer to convict a claimant of criminal activity and sentence him accordingly.
An essential element of the appellant's claim is that the manager of Family Dollar designated Lanthier as a part-time employee in an effort to deny her benefits, even though claimant was working 30 to 32 hours per week. Lanthier, 01-437 (La. App. 3 Cir. 4/3/2002); 813 So.2d 1212. If the employer is found in violation of the statute, then the employer is also subject to criminal penalties under Section C of the statute. Imposition of such a penalty is clearly a judicial branch, not an executive branch, prerogative. Undertaking such action infringes upon powers specifically delegated to the judiciary and violates Article 2, Section 2 of the Louisiana Constitution which provides that "[e]xcept as otherwise provided by this constitution, no one of these branches [executive, legislative, judicial], nor any person holding office in one of them, shall exercise power belonging to the others." As Rivera further observed:
Under the Louisiana Constitution, the district court is vested with original jurisdiction over criminal prosecutions. La. Const.1974 Art. 5 Sec. 16. In exercising its criminal jurisdiction, the district court is bound by the provisions of the Louisiana Code of Criminal Procedure. C.Cr.P. art. 15.... As such, criminal prosecutions must be conducted within the strict confines of the criminal justice system.
Rivera, 678 So.2d at 611.
Rivera's concerns were echoed in Judge Saunders' concurrence in Boise Cascade Corporation v. Dean, 99-1356, pp. 8-10 (La.App. 3 Cir. 5/3/00); 767 So.2d 76, 86-87, writ denied, 00-2505 (La.11/13/00); 774 So.2d 146:
Clearly, it is the very criminality of the statute [La.R.S. 23:1208] that places it in peril. In Grant, 696 So.2d 73, we discussed fraud as a civil tort matter. But a civil tortfeasor does not risk imprisonment, so it is now appropriate to consider when fraud becomes a criminal matter. A sanction is penal when it is "punishable; inflicting a punishment; containing a penalty, or relating to a penalty." (Citation omitted). A crime is any conduct so defined by the Criminal Code, by other acts of the legislature, or by the Louisiana Constitution. La.R.S. 14:7.
. . . .
La.R.S. 23:1208 unquestionably provides for severe criminal sanctions, particularly where in Subsection (C)(1) and (C)(2) an offender may be subject to ... felonious imprisonment at hard labor.
The fundamental concerns that arise in a criminal setting are absent in civil matters, hence the need for the added procedural devices to safeguard the constitutional rights of the accused.
In a criminal case, ... procedural protections sufficient to afford due process are provided through criminal procedural rules.
. . . .
In sum, with La.R.S. 23:1208, ... [d]efendant enjoys none of the procedural safeguards of a criminal proceeding; nevertheless, he is subject to the sanctions of a penal statute. La.R.S. 23:1208, ... in disregard of constitutional due process, is nothing more than a criminal statute masquerading in civil garb, designed to discourage fraud in workers' compensation matters with over-broad penalization.
The adjudication of criminal conduct is not the sole constitutional infirmity *552 posed by La.R.S. 23:1208. The determination of tortious conduct by the OWC under La.R.S. 23:1208 is violative of our constitution as well. Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. 5/14/97); 696 So.2d 73, writ denied, 97-1582 (La.10/17/97); 701 So.2d 1330 explained:
Thus, it appears that when an employee violates La.R.S. 23:1208, his actions are tortious in nature (the conduct may even be considered criminal in nature), rather than a workers compensation matter. At best, the conduct prohibited by La.R.S. 23:1208 presents a cause of action in tort for fraud or deceit.

Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979), our Supreme Court recognized that La.C.C. Art. 2315 affords a broad ambit of protection for persons damaged by intentional and negligent acts of others. Further, Louisiana courts have long recognized that a party who is injured by the fraud and deceit of another has a cause of action against the offending party for damages. Swann v. Magouirk, 157 So.2d 749 (La.App. 2nd Cir.1963); White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2nd Cir.1974). In Altex Ready-Mixed Concrete Corp. v. The Employers Commercial Union Insurance Company et al, 308 So.2d 889 (La.App. 1st Cir.1975), writ refused, 312 So.2d 872 (La.1975), the court stated the following:
"Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, ... to cause loss or inconvenience to the other."

Deville v. Leonards, 457 So.2d 311, 313 (La.App. 3 Cir.1984). See also Cagle v. Loyd, 617 So.2d 592 (La.App. 3 Cir.1993) (footnote omitted).
In Coleman v. Sheraton Pierremont, 25,452 (La.App. 2 Cir. 1/19/94); 631 So.2d 50, 53, citing Sampson v. Wendy's Management, Inc. 593 So.2d 336 (La. 1992), the supreme court noted "that a retaliatory discharge cause of action found in the chapter on worker's compensation was not a worker's compensation matter to be heard by administrative hearing officers, since the cause of action was in tort and/or a claim for civil penalties." Following the reasoning in Sampson, we find that the penalties meted out by the hearing officer in accordance with La.R.S. 23:1208 against claimant clearly were not "directly associated with the employee's work-related injury," Sampson, 593 So.2d at 339. Instead, the nature of the cause of action embodied in La.R.S. 23:1208 is tortious/delictual in nature, falling beyond the jurisdictional authority of the hearing officer as authorized by La. Const. Art. V, § 10(A)(B), § 16(A), La.R.S. 23:1310.3. Clearly, the misconduct characterized by La.R.S. 23:1208 falls within a well recognized area of tort law (the tort of fraud/deceit), and thus we conclude that the hearing officer and the Office of Workers' Compensation lacked jurisdiction to impose sanctions under La.R.S. 23:1208.
Additionally, La.R.S. 23:1291(B)(5), entitled "Creation, powers, and duties of the office of worker's compensation administration," states:
To establish and promulgate in accordance with the Administrative Procedure Act such rules and regulations governing the administration of this chapter and the operation of the office as may be deemed necessary and which are not inconsistent with the laws of this state.
(Emphasis added). To allow the OWC power to adjudicate tortious and criminal conduct is antithetical to, and inconsistent with, the clear constitutional directions of *553 Article 5, Section 1; Article 5, Section 16; and Article 2, Section 2 of the Louisiana Constitution. The constitution must take precedence. Louisiana Revised Statutes 23:1208 is unconstitutional.

VI.

CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers' Compensation dismissing the plaintiff's claim because of lack of subject matter jurisdiction is affirmed. Louisiana Revised Statutes 23:1208 is an unconstitutional delegation of power and authority to the Office of Workers' Compensation. We hereby declare it unconstitutional.
Costs of this appeal are assessed to Plaintiff Appellant, Nadine Lanthier.
AFFIRMED.
AMY, J., DISSENTS AND ASSIGNS WRITTEN REASONS.
AMY, J., dissenting.
I respectfully dissent from the majority opinion. Chiefly, I would not consider the constitutionality of La.R.S. 23:1208. In my view, that question is not in a posture to be addressed, as the parties have not placed the issue of constitutionality of the statute before this court. See Istre v. Meche, 00-1316 (La.10/17/00); 770 So.2d 776. Neither is there an indication that the attorney general has been provided the notice required by La.R.S. 13:4448.