| JOHNSON, J.
dissents, assigning reasons.
I respectfully dissent from the majority opinion that the defendant judges do not have the authority to plead the alleged unconstitutionality of La.Rev.Stat. 32:57(G) as a defense to a mandamus action.
Our jurisprudence has long recognized that a court may not sua sponte declare a statute unconstitutional. This Court in State v. Brewster, 00-1266 (La.6/30/00), 764 So.2d 945, citing Board of Com’rs of Orleans Levee Dist. v. Connick, 94-3161, (La.3/9/95), 654 So.2d 1073 stated: - -
As a general rule, courts should not reach the question of a statute’s constitutionality when its unconstitutionality has not been placed at issue by one of the litigants. See Vallo v. Gayle Oil Co. Inc., 94-1238, (La.1994), 646 So.2d 859. Unless a statute as drawn is clearly unconstitutional on its face, it is preferred that the parties to a dispute uncover any constitutional defects in a statute through the dialectic of our adversarial system; for a court sua sponte to declare a statute unconstitutional is a derogation of the strong presumption of constitutionality accorded legislative enactments.
The sole exception to this general rule is that a court may reach the constitutional question on its own motion when its jurisdiction is affected. State v. Brewster, supra. This exception has typically been applied in cases where a legislative | {¡enactment interferes with or curtails the plenary power of the reviewing court. Id.
The defendants in this matter, two First Parish Court judges, argue that this case does not present a sua sponte determination that a statute is unconstitutional. Rather, the judges were specifically named as defendants in this mandamus action, brought explicitly to have the district court order them as judicial officers to enforce the statute at issue. The judges, in their role as defendants, raised the issue of the constitutionality of La. R.S. 32:57(G). They contend that as defendants, they, like any party litigant, have the right to assert any defense to an action naming them personally and seeking an order compelling them to act in a manner contrary to their oath. Defendants argue further that under federal and Louisiana law, a party has standing to challenge the constitutionality of a statute if the statute adversely affects his or her own right. Whitnell v. Silverman, 95-0112 (La.12/6/96) 686 So.2d 23, 29 (citing County of Ulster v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)).
The majority has held that judges, when named defendants 'to a mandamus action, have no right to question the constitutionality of the statute sought to be enforced as a defense to the action. The majority has relied upon several cases which address the issue of standing in regard to a public official’s constitutional challenge to a statute or ordinance raised as a defense in a suit to compel the official’s performance, most notably State ex rel. New Or *579 leans Canal & Banking Co. v. Heard, and its progeny. However, State v. Judge of Fifth Judicial District Court, 5 La. Ann. 756, 1850 WL 1912 (La.1850) pre-dates all of the above cited cases and is cited in Heard. In Judge of Fifth Judicial District Court, this Court addressed a judge’s right to challenge the constitutionality of a statute as a defense to a mandamus action. The statute in dispute in Judge of Fifth Judicial District 1 sCourt, provided that, if a district judge is recused from a case, that the district judge shall refer the case to the judge of the adjoining district, and the judge to whom the case is referred shall hold a special court for the trial of the case. In accordance with that statute, the district judge in the Fourth Judicial District recused himself from hearing certain cases and referred the cases to the district judge in the adjoining district. The district judge in the adjoining district, however, refused to comply with the statute and hold the special court. The plaintiffs in the referred cases filed a rule to show cause why a mandamus should not issue commanding the referral judge to try the case. In defense, the judge asserted that the statute was unconstitutional. Ultimately, we addressed the argument of constitutionality and held that the statute was unconstitutional.
The Heard court made the following reference to the Judge of the Fifth Judicial District Court case:
[I]n State v. Judge of Fifth Judicial District Court, 5 La. Ann. 756, where the act of the legislature providing for the trial of causes in which a district judge shall be recused by the judge of an adjoining district was alleged to be unconstitutional by the respondent, and held to be valid by the court, it being a question in which the judge had an interest, and which was a necessary issue to be disposed of. In that case, the judge was called upon to test the constitutionality of 'the law as a matter of defense.
Heard, 47 La. Ann. at 1688, 18 So. at 750. (Emphasis added).
The most recent decision from this Court involving a constitutional challenge by members of the judiciary as a defense to a mandamus action is Safety Net for Abused Persons v. Segura, 96-1978 (La.4/8/97), 692 So.2d 1088. In Safety Net, a nonprofit corporation which provided support and counseling for victims of family violence (“SNAP”), sued a city court judge and clerk of court requesting an order compelling them to collect, pursuant to statute, additional fees in criminal and civil cases to be deposited in a special account for the | corporation’s use. This Court ultimately held that the fees imposed pursuant to the statute were unconstitutional. However, the issue of standing was not raised by the parties. Thus, the merits of the case was decided without reaching the issue of whether the judges had standing to raise the constitutionality as a defense in the mandamus action.
In my mind, one of the functions of judicial officers is to pass upon the constitutionality of laws. This is unlike the role of executive officers, whose duty it is to simply execute a law and perform their ministerial duties in accordance with the laws of the state until its constitutionality is determined by the judiciary. I cannot agree with a ruling that establishes a bright line rule that in every case involving a judicial officer as a defendant in a mandamus action, the officer may never raise the constitutionality of the statute as a defense. In most cases the judge does not have a direct interest in the particular statute at issue. However, where a judge has been mandated to enforce a statute which is either unconstitutional on its face or an abrogation of a court’s plenary pow *580 er; the judge should be permitted to plead unconstitutionality as a defense.