836 So.2d 5 (2002)
Nadine LANTHIER
v.
FAMILY DOLLAR STORE.
No. 2002-CA-2663.
Supreme Court of Louisiana.
November 27, 2002.
PER CURIAM.
The Attorney General of the State of Louisiana invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the court of appeal declared La. R.S. 23:1208 unconstitutional. For the reasons that follow, we find the judgment of the court of appeal declaring La. R.S. 23:1208 unconstitutional is procedurally improper. Accordingly, we vacate that judgment and remand the case for further proceedings.

*6 FACTS AND PROCEDURAL HISTORY
Nadine Lanthier suffered a work-related injury in January 1999 while an employee of Family Dollar Store ("Family Dollar"). Family Dollar paid Ms. Lanthier workers' compensation indemnity and medical benefits until her treating physician released her to return to work. In August 1999, Ms. Lanthier filed a disputed claim for compensation against Family Dollar, seeking additional benefits, penalties, and attorney's fees. One of several issues contested at the January 2001 trial of the matter was whether Ms. Lanthier was a full-time employee of Family Dollar, as she asserted, or a part-time employee, as Family Dollar contended. After hearing testimony from Ms. Lanthier and her supervisor, the workers' compensation hearing officer concluded that Ms. Lanthier was a part-time employee. The court of appeal affirmed this finding, and this court denied writs. Lanthier v. Family Dollar Store, 01-0437 (La.App.2 3rd Cir.4/3/02), 813 So.2d 1212, writ denied, 02-1253 (La.8/30/02), 823 So.2d 951 ("Lanthier I").
On September 12, 2001, while Lanthier I was still pending in the court of appeal, Ms. Lanthier filed a second workers' compensation claim against Family Dollar ("Lanthier II"). In Lanthier II, Ms. Lanthier alleged that her supervisor's representation that she was a part-time employee was willfully false and therefore violated La. R.S. 23:1208.[1] In response, Family Dollar filed an exception of res judicata, arguing that the issue of Ms. Lanthier's employment status had previously been addressed by the hearing officer.
Following a hearing, the workers' compensation hearing officer denied Family Dollar's exception of res judicata. However, on his own motion, the hearing officer granted an exception of lack of subject matter jurisdiction and dismissed Ms. Lanthier's fraudulent misrepresentation claim.
Ms. Lanthier appealed the judgment dismissing her fraudulent misrepresentation claim. In a divided decision, the court of appeal affirmed the hearing officer's *7 ruling, on the ground that La. R.S. 23:1208 is unconstitutional.
The State of Louisiana appealed that judgment to this court.

DISCUSSION
Pretermitting the merits of the court of appeal's judgment, we find the court of appeal erred in reaching the issue of constitutionality. Our review of the record reveals that the issue of constitutionality was not raised by parties at any time in these proceedings.
In Istre v. Meche, 00-1316 (La.10/17/00), 770 So.2d 776, we held that a court should not reach the question of a statute's constitutionality when that issue has not been raised by the parties to the proceeding:
Generally, a court should not reach the question of a statute's constitutionality when its unconstitutionality has not been placed at issue by one of the parties to a proceeding. Board of Comm'rs of Orleans Levee Dist. v. Connick, 94 3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076. See also Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65; Lemire v. New Orleans Pub. Serv., Inc., 458 So.2d 1308, 1311 (La. 1984). A judge should not declare a statute unconstitutional until the issue of its constitutionality has been presented because a judge's sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. Board of Comm'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076. While there is no single procedure for assailing the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Reeder v. North, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; Williams v. State, Dept. of Health & Hospitals, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. This court has articulated this burden as composed of three tiers: "First of all, the plea of unconstitutionality must first be made in the trial court. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized." Williams, 95-0713 at pp. 4-5, 671 So.2d at 902 (internal citations omitted). These procedural rules exist to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. Vallo, 94-1238 at p. 9, 646 So.2d at 865. This opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute.
While Istre involved a declaration of unconstitutionality made by the district court, the reasoning of that case applies with equal force to a declaration of unconstitutionality made for the first time by an appellate court. The court of appeal in this case did not have a record on the issue of constitutionality, nor did it have the benefit of briefing and argument on this issue by the parties.[2] Because the constitutionality of La. R.S. 23:1208 has never been raised by the parties, the case was not postured for resolution of this issue. *8 Accordingly, the judgment of the court of appeal declaring La. R.S. 23:1208 unconstitutional must be vacated.

DECREE
For the reasons assigned, the judgment of the court of appeal declaring La. R.S. 23:1208 unconstitutional is vacated and set aside. The case is remanded to the court of appeal for consideration of the merits of claimant's appeal.
NOTES
[1] La. R.S. 23:1208 provides in pertinent part as follows:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
* * *
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
[2] As noted by the dissenting judge, there is no indication that the attorney general was provided notice as required by La. R.S. 13:4448.