848 So.2d 605 (2003)
Nadine LANTHIER
v.
FAMILY DOLLAR STORE.
No. 02-0429.
Court of Appeal of Louisiana, Third Circuit.
January 8, 2003.
Michael B. Miller, Post Office Drawer, Crowley, LA, for Plaintiff/Appellant, Nadine Lanthier.
Azelie Ziegler Shelby, Ungarino & Eckert, L.L.C., Baton Rouge, LA, for Defendant/Appellee, Family Dollar Store.
Before the Court En Banc: NED E. DOUCET, JR., Chief Judge, HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS, JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, JIMMIE C. PETERS, MARC T. AMY, MICHAEL G. SULLIVAN, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
AMY, Judge.
The claimant filed a Disputed Claim for Compensation, seeking penalties in the Office of Workers' Compensation pursuant to La.R.S. 23:1208 due to what she contends were false statements made by the employer's office manager in order to defeat her claim for compensation benefits. The workers' compensation judge found that the Office of Workers' Compensation lacked subject matter jurisdiction over the issue. For the following reasons, we reverse and remand for further proceedings.

Factual and Procedural Background
In August 1999, the claimant, Nadine Lanthier, filed a workers' compensation claim, seeking disability benefits, penalties, and attorney's fees associated with a January *606 14, 1999 work-related accident. The workers' compensation judge concluded that Ms. Lanthier was a part-time employee of the defendant, Family Dollar Store, and that she was not entitled to compensation benefits after July 26, 2000. Penalties and attorney's fees were awarded for Family Dollar's failure to reimburse the claimant for mileage associated with the claim. However, penalties and attorney's fees were denied for the defendant's improper calculation of wages and untimely payment of benefits. On appeal, a panel of this court reversed the workers' compensation judge's determination that Ms. Lanthier was not entitled to benefits after July 26, 2000. Further, additional penalties were awarded for the failure to provide the correct amount of indemnity benefits and for the failure to provide benefits after March 14, 2000. Additional attorney's fees were also awarded. See Lanthier v. Family Dollar Store, 01-0437 (La.App. 3 Cir. 4/3/02); 813 So.2d 1212. The Louisiana Supreme Court denied Family Dollar's Writ of Certiorari. See Lanthier v. Family Dollar Store, 02-1253 (La.8/30/02); 823 So.2d 951.
The instant matter arose when the claimant filed an additional Disputed Claim for Compensation on September 12, 2001. The claimant contended that she was entitled to penalties due to the "making [of] false statements in violation of 1208." She asserts that at the original hearing of the merits of this case, the office manager for Family Dollar made false statements in violation of La.R.S. 23:1208. In her brief to this court, the claimant asserts that she is seeking recovery under Section D of the statute. Family Dollar filed an Exception of Res Judicita, arguing that the earlier ruling by the workers' compensation judge was res judicata as to all issues raised by claimant in the disputed claim form. Following a hearing on the exception of res judicata, the workers' compensation judge denied the exception of res judicata, but granted a sua sponte exception of lack of subject matter jurisdiction.
The claimant appealed the granting of the exception of lack of subject matter jurisdiction. A panel of this court considered La.R.S. 23:1208, finding the statute unconstitutional. See Lanthier v. Family Dollar, 02-429 (La.App. 3 Cir. 10/02/02); 827 So.2d 547. Pursuant to La. Const. art. V, § 5(D),[1] the Attorney General of the State of Louisiana invoked the appellate jurisdiction of the Louisiana Supreme Court. The supreme court found the consideration of constitutionality issues procedurally improper. Lanthier v. Family Dollar Store, 02-2663 (La.11/27/02); 836 So.2d 5. Due to this finding, the supreme court vacated the court of appeal judgment and remanded the matter to this court for further proceedings. Id.
We now consider the claimant's assignment of error, which was not originally addressed due to the constitutionality review. The claimant has filed the following, single specification of error with this court: "The hearing officer erred in finding that the Office of Worker's Compensation had no jurisdiction to hear a claim under LSA R.S. 23:1208." The claimant asserts that La.R.S. 23:1208(D) is that section applicable to the facts of this case and that the *607 workers' compensation judge is the proper authority to assess the penalty described.

Discussion
Article 2 of the Louisiana Code of Civil Procedure provides that: "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 3 further instructs that subject matter jurisdiction cannot be conferred by consent of the parties and that any judgment rendered by a court lacking subject matter jurisdiction is void. Id.
The broad scope of subject matter jurisdiction is established by the Louisiana Constitution. Article V, § 16 sets forth the parameters of the jurisdiction of district courts. It provides, in part:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases....
With regard to legislative authority for the determination of claims by the Office of Workers' Compensation, La.R.S. 23:1310.3(E) provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
(Emphasis added.) Insofar as the claim is limited to alleged conduct explicitly prohibited by La.R.S. 23:1208(D), we conclude that it is appropriately viewed as "arising out of this Chapter" as provided for by La.R.S. 23:1310(E).
In its entirety, La.R.S. 23:1208 provides:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, *608 shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
(4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
(Emphasis added.) The identification of the workers' compensation judge as the appropriate authority to impose the penalties of Section D is the type of legislative intent required by La. Const. Art. V, § 16. Section 16 describes the district court's jurisdiction being that other than those "provided by law for administrative agency determinations in worker's compensation matters...." Insofar as Section D of La. R.S. 23:1208 is concerned, subject matter jurisdiction is specifically assigned to the Office of Workers' Compensation.
Due to these findings, we reverse the workers' compensation judge's granting of the exception of subject matter jurisdiction. We remand this matter for consideration under La.R.S. 23:1208(D).

DECREE
For the foregoing reasons, the ruling of the Office of Workers' Compensation is reversed. This matter is remanded for proceedings consistent with this opinion. All costs are assigned to the defendant, Family Dollar Store.
REVERSED AND REMANDED.
THIBODEAUX, J., dissents and assigns written reasons.
COOKS, J., concurs in the result.
SAUNDERS, J., dissents for the reasons assigned by Judge Thibodeaux.
WOODARD, J., concurs in the result.
THIBODEAUX, J., dissenting.
Article 5, Section 16 of the Louisiana Constitution states: "Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." In accordance with this constitutional provision, the workers' compensation judge properly recognized that he lacked the authority to review a claim of fraudulent misrepresentation. Article 5, Section 16 limits the scope of the power and authority of an administrative tribunal like the Office of Workers' Compensation.
While La.R.S. 23:1310.3(E) allows a workers' compensation judge to adjudicate claims "arising out of this Chapter," it does not allow the adjudication of a tort such as fraud. A tort does not "arise out of this *609 Chapter." Is the majority saying that a workers' compensation judge may also hear and adjudicate third party tort claims?
In Albe v. Louisiana Worker's Compensation Corp., 97-581, p. 1 (La.10/21/97); 700 So.2d 824, 825, the Louisiana Supreme Court addressed the issue of "whether hearing officers of the Office of Worker's Compensation Administration (OWC) have subject matter jurisdiction to determine issues of constitutionality in claims arising under the Worker's Compensation Act." In its analysis, the court explained:
[A]gencies have adjudicative and fact finding powers that mimic those exercised by the courts. Although we recognize the Office of Workers' Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V. Put simply, the hearing officers of the OWC are not authorized to exercise "judicial power" under Art. 5, § 1. Their power was properly restricted to administrative agency determinations by Art. V, § 16(A). The power of judicial review is the very essence of judicial duty. (Citation omitted) (Emphasis added).
The determination of tortious conduct by the Office of Workers' Compensation under La.R.S. 23:1208 is violative of our constitution. Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. 5/14/97); 696 So.2d 73, writ denied, 97-1582 (La.10/17/97); 701 So.2d 1330 explained:
Thus, it appears that when an employee violates La.R.S. 23:1208, his actions are tortious in nature (the conduct may even be considered criminal in nature), rather than a workers compensation matter. At best, the conduct prohibited by La.R.S. 23:1208 presents a cause of action in tort for fraud or deceit.
In Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979), our Supreme Court recognized that La.C.C. Art. 2315 affords a broad ambit of protection for persons damaged by intentional and negligent acts of others. Further, Louisiana courts have long recognized that a party who is injured by the fraud and deceit of another has a cause of action against the offending party for damages. Swann v. Magouirk, 157 So.2d 749 (La. App. 2nd Cir.1963); White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2nd Cir.1974). In Altex Ready-Mixed Concrete Corp. v. The Employers Commercial Union Insurance Company et al, 308 So.2d 889 (La.App. 1st Cir.1975), writ refused, 312 So.2d 872 (La.1975), the court stated the following:
"Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, ... to cause loss or inconvenience to the other."

Deville v. Leonards, 457 So.2d 311, 313 (La.App. 3 Cir.1984). See also Cagle v. Loyd, 617 So.2d 592 (La.App. 3 Cir.1993) (footnote omitted).
In Coleman v. Sheraton Pierremont, 25,452 (La.App. 2 Cir. 1/19/94); 631 So.2d 50, 53, citing Sampson v. Wendy's Management, Inc. 593 So.2d 336 (La. 1992), the supreme court noted "that a retaliatory discharge cause of action found in the chapter on worker's compensation was not a worker's compensation matter to be heard by administrative hearing officers, since the cause of action was in tort and/or a claim for civil penalties." Following the reasoning in Sampson, we find that the penalties meted out by the hearing officer in accordance with La.R.S. 23:1208 against claimant clearly were not "directly associated *610 with the employee's work-related injury," Sampson, 593 So.2d at 339. Instead, the nature of the cause of action embodied in La.R.S. 23:1208 is tortious/delictual in nature, falling beyond the jurisdictional authority of the hearing officer as authorized by La. Const. Art V, § 10(A)(B), § 16(A), La.R.S. 23:1310.3. Clearly, the misconduct characterized by La.R.S. 23:1208 falls within a well recognized area of tort law (the tort of fraud/deceit), and thus we conclude that the hearing officer and the Office of Workers' Compensation lacked jurisdiction to impose sanctions under La.R.S. 23:1208.
Additionally, La.R.S. 23:1291(B)(5), entitled "Creation, powers, and duties of the office of worker's compensation administration," states:
To establish and promulgate in accordance with the Administrative Procedure Act such rules and regulations governing the administration of this chapter and the operation of the office as may be deemed necessary and which are not inconsistent with the laws of this state.
(Emphasis added). To allow the Office of Workers' Compensation power to adjudicate tortious conduct is antithetical to, and inconsistent with, the clear constitutional directions of Article 5, Section 1; Article 5, Section 16; and Article 2, Section 2 of the Louisiana Constitution. The constitution must take precedence.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Article V of the Louisiana Constitution provides, in part:

§ 5. Supreme Court; Jurisdiction; Rule-Making Power; Assignment of Judges
. . . .
(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.