STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-779


NADINE LANTHIER

VERSUS

FAMILY DOLLAR STORE


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 01-06757
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE
**********

**GLENN B. GREMILLION
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion,
Judges.

**AFFIRMED AS AMENDED.**

**Michael B. Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellee:**
     **Nadine Lanthier**

**Michael J. Tarleton**
**Matthew J. Ungarino**
**David I. Bordelon**
**Ungarino & Eckert**
**3850 North Causeway Blvd.**
**1280 Lakeway Two**
**Metairie, LA 70002**
**(504) 836-7531**
**Counsel for Defendant/Appellant:**
      **Family Dollar Store**

GREMILLION, Judge.

The defendant, Family Dollar Store, appeals the judgment of the workers' compensation judge reinstating the indemnity benefits of the plaintiff, Nadine Lanthier, and casting it with penalties and attorney's fees. For the following reasons, we affirm as amended.

**FACTS**

This matter has previously been before us several different times. We refer to our preceding opinions for the facts pertaining to Lanthier's work-related injury. *Lanthier v. Family Dollar Store*, 02-429 (La.App. 3 Cir. 10/2/02), 827 So.2d 547, *vacated*, 02-2663 (La. 11/27/02), 836 So.2d 5, *on remand*, 02-429 (La.App. 3 Cir. 1/8/03), 848 So.2d 605; *Lanthier v. Family Dollar Store*, 01-437 (La.App. 3 Cir. 813 So.2d 1212, *writ denied*, 02-1253 (La. 8/30/02), 823 So.2d 951.

At the commencement of the current dispute, Lanthier was receiving supplemental earnings benefits (SEBs) in the amount of $491.78 per month. On May 1, 2003, she filed an amended disputed claim for compensation based on an alleged violation of La.R.S. 23:1208 by a Family Dollar employee. Fourteen days later, Family Dollar filed a motion to compel Lanthier to participate in the vocational rehabilitation efforts provided for her by Sharon Hebert, a vocational rehabilitation counselor for Intracorp. Intracorp was hired by St. Paul Travelers Insurance Company, Family Dollar's workers' compensation provider. Hebert had attempted to meet with Lanthier on several occasions, but was prevented from doing so because she did not agree to conditions set out by Lanthier's attorney concerning the services provided by her. Despite this failure, she identified several jobs within sedentary-

1

light duty restrictions identified by a functional capacity evaluation (FCE) and approved by Dr. Nason. A list of these positions were sent to Lanthier's attorney, on April 4, 2003, and was approved by Dr. Nason on April 28, 2003.

Following a hearing on Family Dollar's motion to compel, the workers' compensation judge ordered Lanthier to meet with Hebert within thirty days of the issuance of its order, July 16, 2003. The order further provided that Intracorp would "conduct its vocational rehabilitation services and counseling pursuant to the Louisiana Revised Statutes regarding same." Three days later, Stephanie Nadler, St. Paul Travelers' claims adjuster, terminated Lanthier's SEBs based on the labor market survey performed by Hebert indicating the availability of jobs within the sedentary/light duty range and based on Dr. Nason's approval of the positions.

Lanthier amended her disputed claim to seek penalties and attorney's fees based on Family Dollar's failure to authorize treatment, tests, and medication recommended by Dr. Nason. During the trial on the merits, the workers' compensation judge sustained Family Dollar's motion for a directed verdict on the issue of the alleged La.R.S. 23:1208 violation. At the conclusion, the matter was taken under advisement. Thereafter, the workers' compensation judge issued oral reasons finding that Family Dollar arbitrarily and capriciously terminated Lanthier's SEBs and awarded her $6000 in penalties and $10,000 in attorney's fees based on Family Dollar's failure to authorize the recommended treatment, tests, and medication. This suspensive appeal by Family Dollar followed.

**ISSUES**

Family Dollar argues two errors were committed by the workers'

2

compensation judge in reaching his decision. It argues that it cannot be penalized for Lanthier's failure to cooperate with the vocational rehabilitation counselor and that the workers' compensation judge erred in finding that it acted arbitrarily and capriciously in terminating her benefits. Lanthier answered the appeal seeking penalties based on Family Dollar's arbitrary and capricious termination of her SEBs and its failure to provide her proper vocational rehabilitation. She further seeks judicial interest on all amounts awarded to her and additional attorney's fees for work performed on appeal.

## TERMINATION OF BENEFITS

We will address Family Dollar's two assignments of error together as they address the same issue: its termination of Lanthier's SEBs.

In *Chelette v. Riverwood International USA, Inc.*, 02-1347, pp. 4-5 (La.App. 3 Cir. 4/30/03), 843 So.2d 1245, 1249, *rev'd in part on other grounds*, 03-1483 (La. 10/17/03), 858 So.2d 412, we stated:

> Supplemental earnings benefits are awarded when a work-related injury prevents the claimant from earning ninety percent of his pre-injury wages. La.R.S. 23:1221(3). The amount of SEB is based upon the difference between the claimant's pre-injury average monthly wage and the claimant's proven post-injury monthly earning capacity. *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La.7/1/97); 696 So.2d 551; La.R.S. 23:1221(3)(a).

> Once the claimant has met this initial burden of proving entitlement to SEB, the burden of proof shifts to the employer if it wishes to prove the employee is earning less than he or she is able to earn. The employer bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in the employee's or the employer's community or reasonable geographic region. *Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005 (La.1989).

3

In *Banks*, 696 So.2d at 557, the Louisiana Supreme Court concluded that "an employer may discharge its burden of proving job availability by establishing, at a minimum, [three criteria] by competent evidence." The employer must show:

(1) the existence of a suitable job within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region;

(2) the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and

(3) an actual position available for that particular job at the time that the claimant received notification of the job's existence.

*Id.*

Later, in 1999, this court decided *East-Garrett v. Greyhound Bus Lines*, 99-421 (La.App. 3 Cir. 11/3/99); 746 So.2d 715, which co-exists with *Banks* and clarifies the *Banks* criteria. In *East-Garrett*, we stated:

We find that it is implicit in the holding of *Banks* that the employer must establish that the jobs are still in existence when it is determined that they are within the employee's capabilities. Otherwise, the employee may be put in a position of having to apply for jobs that she might not be capable of performing, essentially a vain and useless act.

*Id.* at 721.

Louisiana Revised Statute 23:1226(E) provides the only recourse available to an employer when an employee refuses to accept rehabilitation. In that instance, the "[r]efusal to accept rehabilitation as deemed necessary by the workers' compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to La.R.S. 23:1221(3), for each week of the period of refusal." However, the reduction may only take place after the issue is presented to the workers' compensation judge by the employer; unilateral action by the employer is not allowed. *First Baptist Church of Lake Arthur v.*

4

*Fontenot*, 98-1158 (La.App. 3 Cir. 2/3/99), 736 So.2d 230.

Lanthier was already receiving SEBs at the time Family Dollar terminated her benefits, so her entitlement to such benefits is not an issue. Accordingly, the burden is on Family Dollar to prove that it satisfied the requirements of *Banks*, as clarified by *East-Garrett v. Greyhound Bus Lines*, 99-421 (La.App. 3 Cir. 11/3/99), 746 So.2d 715. After reviewing the evidence, we find that although it satisfied the first two requirements of *Banks*, it did not satisfy the third by proving that the positions identified by Hebert were still available on April 28, 2003, when they were approved by Dr. Nason.

The workers' compensation judge found that these positions were stale, pursuant to *Chelette*. We agree. Hebert testified that she identified six positions, four on April 4, 2003, and two on April 11, 2003. She sent notice of these positions to Dr. Nason on April 14, 2003, which were approved by him on April 28, 2004. Based on Dr. Nason's approval of the positions, which paid more than ninety percent of Lanthier's pre-injury wage, Nadler terminated Lanthier's SEBs on July 19, 2003. This was three days after the workers' compensation judge ordered Lanthier to meet with her vocational rehabilitation counselor within thirty days.

Family Dollar presented no evidence that the positions identified by Hebert were still available on April 28, 2003. Although it raised the issue of Lanthier's refusal to accept vocational rehabilitation, it did not allow her time to comply with the workers' compensation judge's order before terminating her benefits. Moreover, a total termination of benefits is not allowed when an employee refuses vocational rehabilitation. All that is allowed is a fifty-percent reduction, to be

5

enforced by the workers' compensation judge. Accordingly, Family Dollar overstepped its rights by unilaterally terminating Lanthier's SEBs. Finding no error in the workers' compensation judge's judgment, we affirm.

<b>ANSWER TO APPEAL</b>

In answering Family Dollar's appeal, Lanthier argues that the workers' compensation judge erred in failing to award her penalties based on Family Dollar's arbitrary and capricious termination of her SEBs and in failing to provide her proper vocational rehabilitation. She further argues that she should be awarded judicial interest on all amounts awarded to her and additional attorney's fees for work performed on appeal.

*Penalties*

With regard to the award of penalties, we note that La.R.S. 23:1201 was amended, effective July 3, 2003, to provide in part:

> I. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary and capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.

The workers' compensation judge found and we affirmed that Family Dollar was arbitrary and capricious in terminating Lanthier's SEBs. Thus, it is subject to a penalty as a result of its actions. As La.R.S. 23:1201(I) was in effect at the time Family Dollar withheld Lanthier's compensation benefits, it controls the amount of penalties that may be awarded. Lanthier has already been awarded $6000 in penalties. Thus, we may only award her an additional $2000 in penalties based on Family Dollar's arbitrary and capricious termination of her SEBs. As no further

6

penalties may be awarded, we will not address her request for additional penalties based on Family Dollar's failure to provide her proper vocational rehabilitation.

*Judicial Interest*

Louisiana Revised Statute 23:1201.3(A) provides that "[a]ny compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation was due until date of satisfaction." Accordingly, Lanthier is entitled to an award of judicial interest on her SEBs retroactive from July 20, 2003, until paid. However, she is not entitled to judicial interest on the amounts awarded as penalties and attorney's fees. Pursuant to *Smith v. Quarles Drilling Co.*, 04-0179 (La. 10/29/04), 885 So.2d 562, judicial interest on penalties and attorney's fee will not be awarded in the absence of a prayer for such relief. As there has been no such prayer in this instance, Lanthier is not entitled to interest on these awards.

*Work Performed on Appeal*

Lanthier further requests that we award her additional attorney's fees for work performed by her attorney on appeal. As she has successful defended Family Dollar's appeal, we award her an additional $2000 in attorney's fees.

**CONCLUSION**

For the foregoing reasons, the judgment of the workers' compensation judge is amended to award Lanthier an additional $2000 in penalties and judicial interest on the compensation benefits reinstated, as of July 20, 2003, until paid. The judgment is affirmed in all other respects. An additional $2000 in attorney's fees is awarded to Lanthier for work performed on appeal. The costs of this matter are

7

assessed to the defendant-appellant, Family Dollar Store.

**AFFIRMED AS AMENDED.**