KEITH A. MILLER

VERSUS

RICKY ELLENDER, D/B/A ELLENDER'S PORTABLE BUILDINGS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-6024
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy and Billy H. Ezell, Judges.

REVERSED AND REMANDED.

SAUNDERS, J., dissents and assigns written reasons.
EZELL, J., dissents and assigns reasons.

Matthew W. Tierney
Tierney and Smiley, LLC
7525 Picardy Avenue, Suite 210
Baton Rouge, LA   70808
(225) 765-7488
COUNSEL FOR PLAINTIFF/APPELLANT:
    Louisiana United Businesses Association Self Insurers Fund

Claude P. Devall
Cox, Cox, Filo & Camel, LLP
723 Broad Street
Lake Charles, LA   70601
(337) 436-6611
COUNSEL FOR DEFENDANTS/APPELLEES:
    Ricky Ellender, d/b/a Ellender's Portable Buildings
    Dwayne Ellender

AMY, Judge.

Louisiana United Businesses Association Self Insured Fund (LUBA) appeals the workers' compensation judge's finding that she lacked subject matter jurisdiction over claims stemming from a workers' compensation agreement between LUBA and its member. For the following reasons, we reverse and remand.

**Factual and Procedural Background**

The record indicates that Keith A. Miller (Miller) filed a disputed claim for compensation alleging that he was injured while in the course and scope of his employment with Ricky Ellender d/b/a Ellender's Portable Buildings (Ellender). He subsequently filed an amended disputed claim adding LUBA, the workers' compensation self-insured fund for Ellender, as a defendant. LUBA responded by filing a petition for declaratory judgment, in which it alleged that at the time of his accidents,[1] Miller was not employed with Ellender. As such, LUBA contended that the workers' compensation agreement between it and Ellender did not provide coverage. This matter was consolidated with the workers' compensation suit filed by Miller.[2]

Ellender filed an answer stating that at the time of his accidents, Miller was employed by him to work on the home of his brother, Dwayne[3] Ellender. Ellender, therefore, argued that "there is coverage under the LUBA contract." In a supplemental and amending petition, LUBA alleged that Ellender "violated the provisions of [La.R.S.] 23:1208 by willfully making false statements and

_____

[1] According to the disputed claim form, Miller alleged that he was injured on two separate occasions.

[2] For the companion case to this appeal, *see Louisiana United Businesses Self Insurers Fund v. Ricky Ellender d/b/a Ellender's Portable Bldgs., et. al*, 07-100 (La.App. 3 Cir. _/_/06), _ So.2d _.

[3] We note that throughout the record, the defendant's first name is spelled as both "Dwayne" and "Dwaine." For purposes of this appeal, we use "Dwayne" as reflected on the record's cover.

representations with regard to the employment status of the claimant herein, Keith A. Miller." LUBA also added Dwayne Ellender as a defendant, asserting that he "violated the provisions of [La.R.S.] 23:1208(B) by aiding and abetting Ricky Ellender d/b/a Ellender's Portable Buildings, directly and/or indirectly, in making false statements and/or representations."

The record shows that prior to trial, a settlement agreement was reached in which LUBA paid Miller $10,000.00, and he released all parties. LUBA reserved its right to assert its coverage issue. Trial was set for September 21, 2006. Before the submission of any evidence, the workers' compensation judge held that since this was an allegation of insurance fraud, subject matter jurisdiction was lacking. LUBA appeals, asserting the following as error:

1. The trial court committed legal error by finding, *sua sponte*, that it lacked the requisite subject matter jurisdiction over the claims of coverage, indemnification and overpayment brought by the Appellant herein;

2. The trial court committed legal error in finding, *sua sponte*, that it lacked the requisite subject matter jurisdiction over claims brought by the Appellant pursuant to LSA-R.S. 23:1208; and

3. The trial court committed legal error in finding, *sua sponte*, that it lacked the requisite subject matter jurisdiction over claims brought by the Appellant pursuant to LSA-R.S. 23:1172.2.

**Discussion**

*Subject Matter Jurisdiction*

LUBA argues that the matter arises under the Workers' Compensation Act insofar as its claims involve La.R.S. 23:1208[4] and La.R.S. 23:1172.2.[5] Therefore, it

---

[4] Louisiana Revised Statutes 23:1208 provides in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

2

argues that the Office of Workers' Compensation had the requisite subject matter jurisdiction.

In ruling that subject matter jurisdiction was lacking, the workers' compensation judge explained:

> The Court finds that if it were a [La.R.S. 23:]1208 [violation], you would have to link the fraud to the claimant. In this case, the claimant's case was settled. At first glance to this Court, it appears to be a case of allegations of insurance fraud. It appears to be that there was a lie in not complying in their coverage application, an alleged lie of not complying in that coverage application. This does appear to be more an allegation of insurance fraud than 1208 fraud; therefore, I find that I do not have subject matter jurisdiction.

Louisiana Constitution Article 5, § 16 provides: "Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." With regard

---

B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

[5] Louisiana Revised Statutes 23:1172.2 provides in pertinent part:

A. It shall be unlawful for any person to knowingly make any false, fraudulent, or misleading oral or written statement, or to knowingly omit or conceal material information for the purpose of obtaining workers' compensation coverage, or for the purpose of avoiding, delaying, or diminishing the amount of payment of any workers' compensation premiums.

B. It shall be unlawful for any person to knowingly misrepresent or conceal payroll, classification of workers, or information regarding any employer's loss history which would be material to the computation and application of an experience rating modification factor for the purpose of avoiding or diminishing the amount of payment of any workers' compensation premiums.

C. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet any other person, or directly or indirectly counsel any other person, to engage in conduct in violation of this Section.

3

to the claims in which the workers' compensation judge is vested with original, exclusive jurisdiction, La.R.S. 23:1310.3 provides:

> E. Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.

In *Beutler England Chiropractor Clinic v. Mermentau Rice*, 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553, this court decided whether the Office of Workers' Compensation had jurisdiction over a healthcare provider's claim. At the outset, we noted the jurisdiction granted to district courts in Article 5, Section 16 of the Louisiana Constitution. We also reiterated our holding in *Cajun Bag & Supply v. Baptiste*, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943, that pursuant to La.R.S. 23:1310.3(E), the Office of Workers' Compensation has original jurisdiction over claims that arise out of the Workers' Compensation Act, but not those that are simply related to workers' compensation. *Id*.

Furthermore, we noted in *Beutler* that the amendment to La.R.S. 23:1310.3(E), which became effective on August 15, 2005 and has retroactive effect, outlined the types of claims or disputes in which the workers' compensation judge will be vested with original, exclusive jurisdiction. Specifically, La.R.S. 23:1310.3(E) gives the workers' compensation judge jurisdiction over "workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes" as well as

4

"cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution[.]" Having found that subject matter jurisdiction existed, we held that the employee's settlement of his case did not divest the Office of Workers' Compensation of jurisdiction insofar as La.R.S. 23:1310.3(E) "statutorily confers jurisdiction over the claim asserted by [the healthcare provider], which is separate and independent from any of [the employee's] claims under the Louisiana Workers' Compensation Act." *Beutler* 931 So.2d at 558.

Here, LUBA's claims arise out of the Workers' Compensation Act insofar as La.R.S. 23:1310.3(E) confers original, exclusive jurisdiction upon the Office of Workers' Compensation to adjudicate the contractual dispute relating to the claims asserted by LUBA, *i.e.*, that Ellender and Dwayne Ellender made false statements about Miller's employment status and therefore, the workers' compensation agreement did not provide coverage. *Id*. As in *Beutler,* the settlement of the employee's (Miller's) claim does not divest the Office of Workers' Compensation of jurisdiction. Therefore, the workers' compensation judge erred in finding that subject matter jurisdiction was lacking.

### DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is reversed, and this case is remanded to the Office of Workers' Compensation for a trial on the merits. All costs of this appeal are assessed against the defendant, Ricky Ellender d/b/a Ellender's Portable Buildings.

**REVERSED AND REMANDED.**

5

KEITH A. MILLER

VERSUS

RICKY ELLENDER, D/B/A ELLENDER'S PORTABLE BUILDINGS

SAUNDERS, J., dissents and assigns written reasons.

I respectfully disagree with the majority's opinion. Counsel for LUBA references *Grant v. Natchitoches Manor Nursing Home*, 96-1546 (La.App. 3 Cir. 5/14/97), 696 So.2d 73. In his brief, counsel for LUBA dismissed *Grant* and cited various case law that, to him, meant, "it has been made resoundingly clear that the Office of Workers' Compensation does in fact have subject matter jurisdiction over claims brought under LSA-R.S. 23:1208." I wrote *Grant* and my opinion regarding a workers' compensation judge having subject matter jurisdiction over La.R.S. 23:1208 fraud claims has not changed.

The majority argues for allowing the workers' compensation judges to adjudicate the fraud claims brought forth under La.R.S. 23:1208 by referencing the language of La.R.S. 23:1310.3(E). Louisiana Revised Statute 23: 1310.3(E) provides the specific jurisdiction of the Office of Workers' Compensation Administration as follows:

> Except as otherwise provided by R.S. 231101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes *arising out of this Chapter*, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers and workers' compensation insurers or

self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. Concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. (Emphasis added.)

The majority states in its opinion that "LUBA's claims arise out of the Workers' Compensation Act insofar as La.R.S. 23:1310.3 confers original, exclusive jurisdiction upon the Office of Workers' Compensation to adjudicate the contractual dispute relating to the claims asserted by LUBA, *i.e.*, that Ellender and Dwayne Ellender made false statements about Miller's employment status and, therefore, the workers' compensation agreement did not provide coverage."

This court addressed whether a workers' compensation judge has subject matter jurisdiction over La.R.S. 23:1208 fraud claims in an *en banc* decision in *Lanthier v. Family Dollar Store*, 02-429 (La.App. 3 Cir. 1/8/03), 848 So.2d 605. The majority opinion in *Lanthier* 848 So.2d 605 outlined the argument for allowing workers' compensation judges subject matter jurisdiction over La.R.S. 23:1208 fraud claims while the dissent written by Judge Thibodeaux outlined the argument against. I joined in Judge Thibodeaux's dissent in *Lanthier*, 848 So.2d 605, and I incorporate his argument in his dissent as my own for affirming the workers' compensation judge's finding in the case at bar.

In addition to La.R.S. 23:1208, the workers' compensation judge also addressed the propriety of a workers' compensation court's subject matter jurisdiction in relation to La.R.S. 23:1172.2. I feel that it is clear that the workers' compensation judge was correct in holding that she did not have subject matter jurisdiction of claims asserted under La.R.S. 23:1172.2.

Article 5 Section 16 of the Louisiana Constitution addresses the original jurisdiction of district courts. Article 5 Section 15 (A)(2) states, "It [District courts]

shall have *exclusive original jurisdiction of felony cases*.(Emphasis added).

Louisiana Revised Statute 23:1172.2(D) provides "[w]hoever violates any provision of this Section shall be imprisoned, *with or without hard labor*, for not less than one year nor more than ten years, or fined not more than ten thousand dollars, or both." (Emphasis added). Louisiana Revised Statute 14:2(A)(4) defines felony as, "any crime for which an offender may be sentenced to death or *imprisonment at hard labor*." (Emphasis added).

Clearly, a person who violates La.R.S. 23:1172.2 may be imprisoned with hard labor, and, therefore, a case stemming from La.R.S. 23:1172.2 is a felony case. Inasmuch as all criminal felony jurisdiction must begin in district court and all articles of criminal law and criminal procedure in the Revised Statutes reference the district court of our state, the workers' compensation judge was assuredly not in error in ruling that she did not have felony jurisdiction.

I am mindful of *Lanthier v. Family Dollar Store*, 02-2663 (La. 11/27/02), 827 So.2d 547. In that case, this court's judgment declaring La.R.S. 23:1208 unconstitutional was vacated. Our Louisiana Supreme Court was clear in its opinion that an appellate court is not to make a declaration regarding the constitutionality of a statute on its own accord. They based their opinion on the fact that an appellate court making this judgment, "did not have a record on the issue of constitutionality, nor did it have the benefit of briefing and argument on this issue by the parties." *Id* at 7.

While my opinion regarding the lack of subject matter jurisdiction of workers' compensation courts is based, in part, upon constitutional provisions, I in no way intend to pass judgment on the constitutionality of La.R.S. 23:1208, nor La.R.S. 23:1172.2. I feel that the conflict between our workers' compensation statutes versus

our criminal statutes and constitutional provisions necessitate a finding that the workers' compensation judge was correct in asserting that she lacked the power to adjudicate the issues placed before her. Accordingly, I would vote to affirm the workers' compensation judge's ruling.

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-99 CONSOLIDATED WITH 07-100

**KEITH A. MILLER**

**VERSUS**

**RICKY ELLENDER, D/B/A ELLENDER'S PORTABLE BUILDINGS**

**EZELL, J. dissenting**.

I can see where the majority is correct as to the claims under La.R.S. 23:1208 vesting original jurisdiction to the Office of Workers' Compensation. On the other hand, I do not feel that the Office of Workers' Compensation can under Article 5 § 15 (A)(2) hear claims that are a felony under the laws of our State.

I have a hard time allowing people who are not elected to the bench make decisions on matters such as these and do not want to extend the jurisdiction any further than it has already reached.

I must respectfully disagree with the majority opinion on this issue.