SAUNDERS, J.,
dissents and assigns written reasons.
|tI respectfully disagree with the majority’s opinion. Counsel for LUBA references Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. 5/14/97), 696 So.2d 73. In his brief, counsel for LUBA dismissed Grant and cited various case law that, to him, meant, “it has been made resoundingly clear that the Office of Workers’ Compensation does in fact have subject matter jurisdiction over claims brought under LSA-R.S. 23:1208.” I wrote Grant and my opinion regarding a workers’ compensation judge having subject matter jurisdiction over La.R.S. 23:1208 fraud claims has not changed.
The majority argues for allowing the workers’ compensation judges to adjudicate the fraud claims brought forth under *1131 La.R.S. 23:1208 by referencing the language of La.R.S. 23:1310.3(E). Louisiana Revised Statute 23:1310.3(E) provides the specific jurisdiction of the Office of Workers’ Compensation Administration as follows:
Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination Land recognition of employer credits as provided for in this Chapter, and cross-claims between employers and workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. Concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. (Emphasis added.)
The majority states in its opinion that “LUBA’s claims arise out of the Workers’ Compensation Act insofar as La.R.S. 23:1310.3 confers original, exclusive jurisdiction upon the Office of Workers’ Compensation to adjudicate the contractual dispute relating to the claims asserted by LUBA, ie., that Ellender and Dwayne El-lender made false statements about Miller’s employment status and, therefore, the workers’ compensation agreement did not provide coverage.”
This court addressed whether a workers’ compensation judge has subject matter jurisdiction over La.R.S. 23:1208 fraud claims in an en banc decision in Lanthier v. Family Dollar Store, 02-429 (La.App. 3 Cir. 1/8/03), 848 So.2d 605. The majority opinion in Lanthier, 848 So.2d 605 outlined the argument for allowing workers’ compensation judges subject matter jurisdiction over La.R.S. 23:1208 fraud claims while the dissent written by Judge Thibo-deaux outlined the argument against. I joined in Judge Thibodeaux’s dissent in Lanthier, 848 So.2d 605, and I incorporate his argument in his dissent as my own for affirming the workers’ compensation judge’s finding in the case at bar.
In addition to La.R.S. 23:1208, the workers’ compensation judge also addressed the propriety of a workers’ compensation court’s subject matter jurisdiction in relation to La.R.S. 23:1172.2. I feel that it is clear that the workers’ compensation judge was correct in holding that she did not have subject matter jurisdiction of claims asserted under La.R.S. 23:1172.2.
Article 5 Section 16 of the Louisiana Constitution addresses the original | ¡Jurisdiction of district courts. Article 5 Section 16(A)(2) states, “It [District courts] shall have exclusive original jurisdiction of felony cases.” (Emphasis added).
Louisiana Revised Statute 23:1172.2(D) provides “[w]hoever violates any provision of this Section shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years, or fined not more than ten thousand dollars, or both.” (Emphasis added). Louisiana Revised Statute 14:2(A)(4) defines felony as, “any crime for which an offender may be sentenced to death or imprisonment at hard labor.” (Emphasis added).
Clearly, a person who violates La.R.S. 23:1172.2 may be imprisoned with hard labor, and, therefore, a case stemming from La.R.S. 23:1172.2 is a felony case. Inasmuch as all criminal felony jurisdiction must begin in district court and all articles of criminal law and criminal procedure in the Revised Statutes reference the district *1132 court of our state, the workers’ compensation judge was assuredly not in error in ruling that she did not have felony jurisdiction.
I am mindful of Lanthier v. Family Dollar Store, 02-2663 (La.11/27/02), 836 So.2d 5. In that case, this court’s judgment declaring La.R.S. 23:1208 unconstitutional was vacated. Our Louisiana Supreme Court was clear in its opinion that an appellate court is not to make a declaration regarding the constitutionality of a statute on its own accord. They based their opinion on the fact that an appellate court making this judgment, “did not have a record on the issue of constitutionality, nor did it have the benefit of briefing and argument on this issue by the parties.” Id at 7.
While my opinion regarding the lack of subject matter jurisdiction of workers’ compensation courts is based, in part, upon constitutional provisions, I in no way intend to pass judgment on the constitutionality of La.R.S. 23:1208, nor La.R.S. 1^23:1172.2. I feel that the conflict between our workers’ compensation statutes versus our criminal statutes and constitutional provisions necessitate a finding that the workers’ compensation judge was correct in asserting that she lacked the power to adjudicate the issues placed before her. Accordingly, I would vote to affirm the workers’ compensation judge’s ruling.
EZELL, J. dissenting.
hi can see where the majority is correct as to the claims under La.R.S. 23:1208 vesting original jurisdiction to the Office of Workers’ Compensation. On the other hand, I do not feel that the Office of Workers’ Compensation can under Article 5 § 15(A)(2) hear claims that are a felony under the laws of our State.
I have a hard time allowing people who are not elected to the bench make decisions on matters such as these and do not want to extend the jurisdiction any further than it has already reached.
I must respectfully disagree with the majority opinion on this issue.